BARBARA KLEIN and JOSEPH MYER, Plaintiffs in Error, *v.* THE PEOPLE, Defendants in Error.

If the acts of the prisoners committing the offense are a part of one and the same transaction, and the offense in law admits of different degrees, they may be convicted of different degrees, though jointly indicted for the same offense.

This rule applies, except in indictments for offenses necessarily joint, as, for a conspiracy, riot, etc.

Where two are jointly indicted for committing a larceny, and one of them pleads guilty of an attempt to commit a larceny, and is sentenced, the other defendant may be lawfully tried for the larceny, and, on conviction, be sentenced to suffer the penalty of the law therefor.

ERROR to the Supreme Court. It appears from the record (which is all that is contained in the error book) that Barbara Klein and Joseph Myer, the plaintiffs in error, were indicted, in the New York Oyer and Terminer, in December, 1862, for stealing three shawls of the value of one hundred and thirty dollars, the property of one Thomas Le Boutilier. Both plead not guilty, and the indictment was ordered to the General Sessions. At a Court of General Sessions, held on the 12th of December following, Klein withdrew her plea of not guilty to said indictment for grand larceny, and pleaded thereto guilty of an attempt to commit grand larceny, and was immediately sentenced by the court to be imprisoned in the penitentiary of the city of New York for the term of one year. Myer was then tried by a jury and convicted of grand larceny, and sentenced. ·

Klein and Myer brought error to the Supreme Court, where the judgment of the Court of General Sessions was affirmed. They now bring error to this court.

*S. H. Stuart,* for the plaintiffs in error.

*A. Oakey Hall,* for the People.

This suit brings up for discussion questions constantly raised at *nisi prius* by various counsel, and as constantly ruled against them.

1. Can defendants, jointly indicted, be severally convicted of different grades of an offense, or of main offense, and its moiety of subdivision, &c. ?

2. Can there be a conviction for an attempt to commit a crime under an indictment for a main offense that has no degrees?

The questions are not here upon bill of exceptions, but solely upon a motion in arrest.

Klein, a woman, and Myer, a man, were jointly indicted for a grand larceny. Klein pleaded guilty of an attempt to commit grand larceny, and was immediately sentenced. Myer then was tried, and convicted of grand larceny, and sentenced.

I. The plea of Klein was legal.

1. It is true the statute (3 R. S., marg. p. 702, § 30), refers to an offense consisting of degrees, but then there survives the common law rule, permitting convictions for attempts, or constituent misdemeanors under indictments for the greater offense.

When the statute created degrees to offenses, it had, of course, for safety, to apply by enactment the common law rule to the statutory additions.

Thus, in offenses consisting of degrees, the right to convict of an attempt takes its origin in the statute.

But in offenses without degree, and which were known to the common law, that right survives from the common law. (*People* v. *Jackson*, 3 Hill, 92; *People* v. *Cobel*, 26 N. Y.)

Hence, Klein's plea of guilty of an attempt was proper, under the indictment. It was for a felony. Every attempt to commit a felony was a misdemeanor at common law (from 1 Hawkins, P. C., 55, to 2 Wharton, § 2696), and is punished as a minor felony in our State. Therefore, the indictment in question for the felony included the attempt and the minor offense whereof Klein pleaded.

II. Myer's conviction was legal.

1. Klein, who had been his co-defendant, was no longer so when he was put on trial, because she had been sentenced. Judgment was perfect against her. Myer then stood just as

much alone on the record as if the people had previously, by a *nolle prosequi*, ended the record against Klein. So that no question arising upon the joinder can be legitimately discused. (*People* v. *McIntyre*, 1 Parker, 371; *People* v. *Donnelly*, 2 id., 82.)

The cases wherein doubts have been expressed regarding the conviction of one joint defendant in a high felony, whilst another joint defendant has been convicted of still another felony (each felony being pertinent to the indictments), have arisen in a different mode from that governing the present one. Either the prisoners have been tried without severance, or the crime (like conspiracy) was necessarily of a joint character and substance, or no judgment had passed upon the conviction of the first one tried, so that it left him still a joint defendant. Without, of course, knowing the cases that may be cited against the people, we predict that they will range under some one of these exceptional heads.

One or two defendants cannot be a witness for another. (*Donnelly, supra.*) Why? Because they are jointly indicted. But acquit, or convict, or *nolle pros.*, and he can be a witness. Why? Because the joint interest has ceased. By parity of reasoning, Myer's joint interest ceased when Klein was convicted and sentenced.

2. These questions do not arise upon objections taken during trial, but upon the bare record. And the court, even if Klein continued to be a joint defendant with Myer, cannot decide as matter of law that the latter only committed the offense to which the former had been permitted to plead and be sentenced upon.

Indeed, as matter of law, where the question was duly taken during trial, and where there was not only joinder in indictment, but joint arraignment, and joint trial, and joint verdict, the right to distinction by verdict between joint defendants has been upheld. .

Clearly, one joint defendant can be convicted and another acquitted. Or, one may be acquitted first and the other

afterward convicted. And this, whether there be joinder in trial, as at common law, or severance, as under statutes.

In July, 1855, at the Circuit Court of Marshall county, in Mississippi, four men were jointly indicted, and jointly tried for murder. One was convicted of murder, one of manslaughter, second degree, another of manslaughter, fourth degree, and the fourth was acquitted. Said the court on appeal: "It is no ground to arrest the judgment, that three defendants *jointly tried* for murder were convicted by the jury of different degrees of homicide."

In *United States* v. *Harding* (Wallace, 127), the marginal note (before GRIER and KANE, JJ.), is: "Where two or more defendants are jointly charged in the same indictment with murder, it is competent for the jury to find one guilty of murder, and another of manslaughter; and on such a verdict being rendered, it will not be disturbed by the court as irregular."

3. The court can very readily conjecture for itself how facts of a trial might show — one defendant only being upon trial — that he consummated the transaction, whilst a joint defendant in the indictment was intercepted in it.

The court can also readily conjecture for itself other facts which would totally negate any but joint acts.

If a prosecutor try two for joint acts, he must undoubtedly prove joint acts.

If, by reason of severance, or by reasons of *nolle prosequi* judgment, or by reason of conviction by plea or by trial, or by reason of acquittal, the joint pleading is severed, and only one defendant is on trial, the prosecutor is not trying a joint act, and he is not bound to prove it to be a joint act.

4. But Myer joined issue on the main charge by his plea. When tried he was sole defendant.

It is to be presumed the evidence showed him guilty of the whole indictment.

5. Had Myer been first tried and convicted, we can appreciate, at least, the ingenuity of a point which might have been raised for Klein under section 29 of 3 Revised Statutes, (marg. p. 702), viz., that the law having settled that Myer

perpetrated the crime, it forbade Klein from being found guilty of the attempt.

The point might be ingenious, yet not salutary to the client. This court not long since listened to a counsel who practically demanded that his client should be hung, because a judge had unconstitutionally sentenced that client to be imprisoned for life!

The statute was this: "No person shall be convicted of an attempt to commit an offense when it shall *appear* that the offense attempted was perpetrated by *such person* at the time of such assault, or in pursuance of such attempt."

In Klein's case it "*appeared*" (by her own confession), that only an attempt had been committed by "such person," *i. e.*, herself! Her plea settles her case.

In Myer's case it "appeared" (by the verdict of a jury), that the full crime had been "perpetrated" by "such person," *i. e.*, himself.

III. The conviction and judgment of the General Term should be affirmed.

WRIGHT, J.  This case is before us on the bare record, and the only question that can possibly arise is as to the legality of the conviction of Myer, one of the accused.  It appears that Klein and Myer were jointly indicted for a grand larceny.  Klein pleaded guilty of an attempt to commit grand larceny, and was immediately sentenced.  Myer then was tried, and convicted of grand larceny, and sentenced.  There can be no doubt that Klein, though indicted for a larceny, was legally convicted, on her own confession, of an attempt to commit the offense; and this is not now questioned by her counsel.  But it is insisted that Klein and Myer being jointly indicted for the same larceny, after the former had been convicted of an attempt to commit it, the latter could not be legally tried and convicted of the full crime.  Why not? The defendants, it is true, had been jointly charged in the indictment with committing a felony.  Klein, on being placed on trial, was, by her own confession, convicted of an attempt to commit the offense, and judgment passed against her.

Myer then stood alone on the record, as much so as if the People had, by a *nolle prosequi*, ended the record against her who had been his co-defendant. He had joined issue on the main charge by his plea, and when tried was sole defendant. It was clearly competent to try the issue, and if the evidence showed him guilty of the larceny, to convict him; and this without regard to the prior disposition of the case of his co-defendant in the indictment. It cannot be questioned that, being first tried, if the jury had acquitted her altogether, the verdict would in any way have affected the legality of the subsequent trial and conviction of Myer; nor could his case be legally affected by even a prior erroneous verdict against her. The conviction of Klein of an attempt to commit the larceny charged was no judicial determination of the offense that Myer had committed. Whether he had committed any offense remained to be tried, or whether only the offense of which his co-defendant in the indictment had been convicted.

The record is all that is before us, and that discloses that a man and woman were jointly indicted for a larceny. The woman was first tried, and convicted, on her own confession, of an attempt to commit the larceny, and judgment forthwith followed. The man was then tried by a jury and convicted of the larceny. There was no error here, even if the woman continued after sentence to be a joint defendant with the man, unless we can decide, as matter of law (which we cannot), that the latter only committed the offense to which the former had been permitted to plead and be sentenced upon.

The judgment of the Supreme Court should be affirmed.

INGRAHAM, J. The prisoner was indicted with Barbara Klein for grand larceny. When the case came on for trial, Klein pleaded guilty of an attempt to commit grand larceny. Myer was then tried and found guilty. The prisoner now moves in arrest of judgment, on the ground that both defendants must be convicted of the same offense, and not of different grades of offense. There can be no doubt that one defendant might have been acquitted and the other convicted, and such conviction have been good. And it has been held

that where two are charged with a joint offense, either may be found guilty. (*R.* v. *Hempstead*, R. & R., 344.) But where persons are jointly indicted for a joint offense, they cannot be convicted of separate offenses; and if the act is indivisible, such as conspiracy or riots, then one cannot be convicted without the other. (*Stephens* v. *State*, 14 Ohio, 388; *State* v. *McD.*, 6 Bennet, 272; Addis., 334.) But, except in indictments for offenses necessarily joint, joint defendants may be convicted of different grades (*Shorese* v. *Caw*, 5 Barr., 83; *R.* v. *Butterworth*, R. & R., 520); and they may be convicted of different degrees of criminality in the same offense, where the defendants may act different parts in the same transaction. Thus, where two defendants are charged with murder in the same indictment, the jury may find one guilty of murder and another of manslaughter. (*United States* v. *Harding*, 1 Wall., Jun., 127; *Mack* v. *State*, 32 Miss., 406.) So in a charge of burglary: one may be convicted of burglary and another of grand larceny, where the first one broke open the house and the other afterwards entered, and the two committed the larceny. (Russ. & Ry. C. C., 520.)

In the present case, the prisoner Klein pleaded guilty of an attempt to commit grand larceny. This she might have done without necessarily being proven guilty of the further offense. After the plea was put in, she was considered as if she had been tried separately and acquitted, or convicted of a lesser grade. It did not prevent the trial of the prisoner Myer, nor his conviction of the whole charge, any more than if both had been indicted for murder, and one on a separate trial had been convicted of manslaughter; or, in an indictment for burglary, if one had been convicted of larceny, the other might afterwards be convicted of burglary.

I understand the rule to be, if both are convicted of offenses in the same continuing transaction, they may be convicted of different degrees, if the prisoners take different parts in the commission of the same offense.

The prisoner was properly convicted, and the judgment should be affirmed.

HOGEBOOM, J. The plaintiffs in error were jointly indicted in New York for the crime of grand larceny, in an indictment containing a single count. Klein pleaded guilty of an attempt to commit grand larceny, and was thereupon sentenced, and Myer at the same time was tried and convicted of the crime of grand larceny and sentenced to the State prison. This appears by the record of judgment. There is no case or bill of exceptions, and the proceedings on the trial are not before us. The writ of error is brought on behalf of Myer, to reverse the judgment, upon the ground that the offense, whatever it was, was the same as to both parties; that the conviction of Klein for an attempt to commit the crime showed what the grade of it was, and that the subsequent conviction of Myer for the perfected crime of larceny was necessarily illegal. I think there are several answers to this position.

1. It does not appear that the conviction of Myer was subsequent to the conviction of Klein. The only reason to infer it was, is that it is subsequent in the order of statement in the record. It does not follow from this that such was the order of their conviction, nor that they were not, as they are stated to be in the record, simultaneous.

2. But assuming the conviction of Klein to have been first had, and subsequently that of Myer, I see no sufficient reason why both are not legal. It is true the crime is *charged* as the *same* on the part of both, but it would not necessarily appear so in proof, nor be so in fact, and there would be no legal obstacle to convicting the one and acquitting the other by the verdict of the jury. One might be guilty, and the other innocent; and the guilty would not escape because the innocent was acquitted on an indictment charging a joint offense. The crime is in its nature several, and not joint, though two may participate in the same offense, and be jointly indicted therefor. If it be granted that one may be convicted and the other acquitted under a joint indictment, I see no reason why one may not be convicted of the perfected crime, and the other of an attempt to commit the crime. The verdict might, if the facts justified it, prop-

erly declare such a result, and, if so, why might not the plea of the one be accepted for the minor offense, and the conviction of the other be had for the greater crime? I understand the reason urged to be, that they must have committed the same crime, and the prior conviction of Klein shows that crime to have been an attempt to commit grand larceny, and, hence, that the crime itself, as declared by law, could not have been committed. The answer is, it is not certain, nor legally necessary to support the conviction, that they should have been guilty of the same offense. As a matter of pleading, it was necessary so to charge it; as a matter of proof, under such a pleading, it might be different. We can well conceive that both might have been concerned in the same transaction, and yet that one committed the perfected crime and the other was guilty only of an attempt to commit it. With this record, we must assume such to have been the case. The facts show it, and there is no evidence to the contrary. Hence, there is no legal inconsistency in the convictions which have been had.

3. But, suppose the inconsistency to exist, which party is to have the benefit of it? In which case was the error committed? The prior conviction of Klein was not pleaded, and, as we must assume, was not given in evidence, on the trial of Myer. There was nothing there to show that the actual crime was of an inferior grade, and nothing exhibiting any legal error. No such point was made on the trial. No question was made as to the grade of the offense, and there was absolutely nothing to mitigate the character of the offense, or to indicate doubt of the defendant's guilt of the crime with which he stood charged. What, then, were the court and the jury to do, but to convict and sentence him? I think, therefore, the point now taken by the defendant did not arise.

4. When Myer was tried, there was, in fact, no other defendant to be tried, and no other crime to be proved, than one against him. The other defendant had been convicted and sentenced, and practically disappeared from the record. The trial proceeded against Myer alone. Although the name of another party appeared in the indictment, there was noth-

ing to show what had become of her, or, if there was, that she had been legally withdrawn from the record. We have no case or bill of exceptions, and I do not think the facts are before us necessary to raise the point on which the plaintiff in error relies. So far as the record is in evidence, it does not show that there was error in the defendant's conviction; and if either is to escape, it should not be the greater criminal.

5. There are only two adjudications cited by the counsel for the prisoner, and those are not parallel to the present. In the case of *The King* v. *Hearnsted and Hudson* (Russ. & Ryan, 343), there was a joint indictment against two defendants for stealing twenty-seven penknives. The jury found one defendant guilty of stealing twenty-five of them, and the other of stealing the other two, and, practically, each of them not concerned in the larceny of those of which they were not convicted. The offenses being distinct, and not relating to the same transaction, and the punishment different, it was held that judgment could not be pronounced against either without a *nolle prosequi* as to the other.

In this case the transaction as to both is the same; both participated in it, but with different degrees of guilt constituting different grades of the offense.

The same difficulty meets us in the other case cited, that of *Taunton and Henry* (2 Moody, 118). The indictment was a joint one for robbery by violence. In that offense Taunton did not participate, although he acted in aid of Henry in the commission of a previous offense, attempted robbery by intimidation, and it was held (precisely how the question arose is not stated), that the verdict against Taunton must be set aside as improperly joined with the other party, leaving it to stand against the greater criminal.

In the present case, as to such criminal, I think the same course should be pursued, and the judgment of the Supreme Court affirmed.

All concur in affirming the judgment.

Judgment affirmed.