MOSES WHITE, PATRICK SCOTT, RICHARD HENNESSEY, WILLIAM HARTY, JOHN O'BRIEN and JOHN FRENCH, Plaintiffs in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

It is a general rule that if the prosecutor prove the defendant guilty of a criminal ·offense plainly charged in the indictment, they should be convicted of that offense, though other facts are stated which, if proved, would show them guilty of an offense of a different, or even of a higher, grade of crime.

It is enough to prove so much of the indictment as shows that the defendant has committed a substantial crime, and any other statement not proved will not vitiate.

It seems that all defendants who are convicted must have been guilty of the same offense, though they may have been guilty in different degrees.

In an indictment against several defendants for an assault and battery, some may be convicted of an assault and battery, and others, of an assault only.

An indictment for an assault and battery upon a person to the jurors unknown is not sustained, it seems, by evidence that the name of the person assaulted was known to the jurors finding the indictment.

But such an indictment is sustained by evidence before the petit jury, disclosing the name of the person assaulted. It is the ignorance of the grand jury, and not of the petit jury, which authorizes the statement that the person is unknown.

BROWN, J.   The plaintiffs in error were jointly indicted in the Court of Sessions for Onondaga county, upon an indictment containing three counts.   In the first, it is charged that the prisoners, with others, riotously and unlawfully assembled on the first Tuesday of November, 1863, at an engine house in the 5th ward of the city of Syracuse, where an election had been held on that day, and then and there pulled down and destroyed the engine house in willful disobedience of the lawful commands of the inspectors of the election, and to the great terror, &c.   The second count was like· the first, except that the offense is charged to have been committed in the night time, and nothing is said about the inspectors of election.   The third count charged that the prisoners and others, with force and arms, brickbats, &c., riotously, tumultuously assembled on the day aforesaid, and so being assembled, did riotously and unlawfully assault and beat a

person to the jurors unknown. Upon the trial evidence was given tending to show that the prisoners were guilty of the offenses charged in the indictment, and which related exclusively to one and the same transaction, and at the same time and place where an election had on that day been held, and while the inspectors of the election were employed in canvassing the votes cast thereat. The proof also showed that the person assaulted and beaten was one Frank Hiscock, a well known person in that vicinity; but there was no evidence to show he was known to the jury who found the bill of indictment. The jury found the prisoners, O'Brien, Harty and French, guilty of the assault and battery, and White, Hennessey and Scott guilty of an assault only, and acquitted them upon the other counts in the indictment. Instructions to the jury were asked for by the prisoners' counsel, which I will presently notice, and which the court declined to give, and the counsel excepted. A motion was also made at the close of the trial in arrest of judgment and denied, which I will also consider. The judgment was removed by a writ of error to the Supreme Court, where it was affirmed at the General Term of the fifth district. The prisoners thereupon sued out their writ of error to this court.

The jury having acquitted the prisoners upon the two first counts of the indictment, all questions raised upon the trial, and upon the motion in arrest of the judgment in regard thereto, are disposed of and need not be considered. In regard to the assault and battery, the court was requested to instruct the jury that the prisoners could not be convicted of an assault and battery upon Hiscock or Farnam and Mullholland (the two latter having been mentioned in the evidence as persons also assaulted and beaten at the time), because they were not mentioned in the indictment. This the court declined to do, and the prisoners' counsel excepted. The point presented is, whether a person charged with an assault and battery upon a person to the jury unknown can be convicted when it appears that the person assaulted becomes known at the time of the trial, there being no evidence as to any knowledge the grand jury, who found the indictment, had

upon the subject. This rule, if it could be adopted, would insure the acquittal of every one charged with an offense committed upon the person whose name is unknown to the jurors at the time the indictment is found. For it is hardly possible that his name would not be discovered and become known (if in no other way by the vigilance of the prisoner certainly) before the time of the trial. Besides, the prisoners were not prejudiced by the absence from the indictment of the name of the person assaulted and beaten. The identical point seems to have been decided against the prisoners in *Noakes* v. *The People* (25 N. Y., 380). The prisoners' counsel also contended upon the motion in arrest that part of the defendants could not be found guilty of an assault and battery, and part of them of an assault only, upon the same indictment. There can be no battery without an assault at the same time. The former implies the latter. But there may be an assault without a battery. The assault actually made may stop short of an actual battery. It is a crime, nevertheless, for which the perpetrator may be indicted and punished. Although the greater offense includes the lesser, they are known and recognized in the law as two distinct offenses. One of the consequences of this is that the jury, upon an indictment for an offense that includes another of an inferior degree, may acquit the prisoner of the higher crime and convict him of the lesser. Had any one of the plaintiffs in error been charged singly with an assault and battery, it cannot be doubted that the jury might have found him guilty of the assault alone. And so, when all of them are charged upon a similar indictment for acts jointly done at the same time, a portion may be convicted of the principal offense and another portion of them of the lesser charge. Such a result may be demanded by the evidence, as we are bound to presume it was in the present case, and no one can be prejudiced thereby.

The judgment should be affirmed and the record remitted to the Court of Sessions with directions to proceed to execute the sentence.

Denio, Ch. J. The indictment was against seven persons. Six were tried. The remaining one does not appear to have been arrested. Three, O'Brien, Harty and French, were convicted of an assault and battery, and the three others, White, Hennessey and Scott, of an assault. They were all found not guilty of the other charges against them in the indictment.

Only one exception was taken on the trial. The first witness for the prosecution stated in a general way that a canvass of votes was being made by the inspectors of election at an engine house in the 5th ward of Syracuse in the evening of the day of the general election in 1861, and that three of the defendants whom he named were there that evening. After stating that quiet prevailed up to a certain time, he was asked by the counsel for the prosecution "what was said and done then?" It was objected to by the counsel for the defendants on the ground that neither of the defendants were shown to be present. The prosecuting counsel undertook to follow it up by evidence that they were present. The court overruled the objection, and the defendants' counsel excepted. The witness then described a scene of violence and tumult, and proved the presence of three of the defendants, and that these defendants took part more or less. I do not think this ruling was objectionable. It is true that the evidence would have been irrelevant if the defendants, or some of them, were not shown to have been present. But evidence of their being present was subsequently given. Besides, the court had a right to decide upon the order of the testimony; and error could not be predicated of a ruling in that respect, unless, indeed, the circumstances were such that it could be seen that the defendants had been prejudiced.

It is insisted that the legal effect of the verdict was an acquittal of the defendants of the offenses charged in the indictment. This was clearly so as to the two counts which charged the defendants with the commission of a riot and with no other criminal offense. But the remaining count, besides the charge of riot, alleges that the defendants assaulted and beat a person unknown. This is stated to have been

done riotously and routously.   In other respects, it is in the
usual language of an indictment for a simple assault and
battery.   The verdict while acquitting the accused of every-
thing but the assault and battery, finds them guilty of
that.   It is a general rule that if the prosecutor is able to
prove the defendants guilty of a criminal offense plainly
charged in the indictment, they should be convicted of that
offense, though other facts are stated which, if proved, would
show them guilty of an offense of a different, or even of a
higher grade of crime.   It is quite usual to convict of man-
slaughter under an indictment for murder, of a simple larceny
under a count for burglary charged to have been committed
with an intent to steal, and alleging an actual stealing, or of a
simple assault where the charge was an assault with intent
to kill or ravish, or with some other intent which, if estab-
lished, would call for a severer punishment. . Several cases in
which this rule was applied are mentioned in the opinion
in *Dedieu* v. *The People* (22 N. Y., 184); and there may be
added *Rex* v. *Hunt* (2 Campb., 583), where Lord ELLEN-
BOROUGH said that it was invariably enough to prove so much
of the indictment as shows that the defendant has committed
a substantial crime; and that any further statement not
proved did not vitiate.   This distinction, he said, ran through
the whole criminal law.

The defendants' counsel referred to the case of *Rex* v.
*Sanbury*, repeated in 1 Lord Raymond, 484, and in 12 Mod-
ern, 262.   The defendants were charged with an assault
alleged to have been committed riotously, &c., and because only
two of the defendants were convicted, the others being acquit-
ted, the judgment was arrested, though the court said it would
have been different if the riotous assault had been charged
to have been committed by the defendants and others not
included in the indictment.   This case at the present day is
only an authority to show that in an indictment for a riot, if
less than three be convicted, and it is not charged that others
not indicted participated in the act, no judgment can be
given.   The modern rule, which now universally prevails is
the one I have mentioned.   According to that rule, the de-

fendants in the present case might be legally convicted of an assault and battery.

Another ground of error relied on is, that as a part of the defendants have been convicted of an assault and battery, and the others of an assault only, it is evident that the conviction is of separate and independent offenses, in one of which some of the defendants participated, and in the other the remainder of them only were guilty. If this is the effect of the verdict, the judgment is erroneous; for it cannot be pretended that an indictment for distinct offenses, in one of which some of the defendants participated and the others did not, and in the other, the remaining defendants were the only guilty actors, can be sustained. All the defendants who are convicted must have been guilty of the same offense, though they may have been guilty in different degrees. The person unknown referred to in the count in this case must be assumed to be some particular individual indicated by the evidence before the grand jury and on the trial. If some of the defendants were not guilty of any offense touching that person, they were improperly included in the verdict, though they may have been guilty of assaulting some other indi-vidual on the same occasion or at some other time. The argument for the defendants is that those who were convicted of an assault only could not have been parties to the same offense in which the others, who were found guilty of an assault and battery, were implicated; because all who concur in or countenance an unlawful violation of another's person are necessarily guilty of the whole outrage. But it is certainly possible that up to a certain point of the affair, and before an actual battery took place, all were concerned, and that at that point those who are found guilty of an assault only stopped short and endeavored to prevent the further illegal act which their companions persisted in committing. Such a state of facts, clearly proved, would, in my opinion, call for such a verdict as the one rendered in this case. The ques- tion, it should be remembered, arises wholly upon the record, as there was no ruling or exception relating to it contained in the bill of exceptions. If any state of the evidence could

have prevented such a case as I have supposed, there is no error in the verdict. The point is new, and I have come to the conclusion which I have indicated with some hesitation. But upon the best reflection I can give the question, I am of opinion that several persons may be guilty of a joint assault, while only a portion of them are guilty in a battery committed on the same occasion upon the same injured party.

The remaining ground of error is that the assault and battery is charged to have been committed upon a person to the jurors unknown, while the evidence on the trial pointed to the individuals who were assaulted whose names were well known. The question arose upon the trial upon the refusal to charge as requested. It was contended that a verdict of an assault and battery upon an unknown person could not be rendered, because, as it was said, other indictments had been found against the defendants for an assault upon the individuals indicated by the evidence by their names. But no such indictments were produced, and there was no evidence whatever that there had been any such returned by the grand jury. But if such indictment had been produced, it would not have sustained the objection. This was so expressly ruled in *Rex* v. *Bush* (Russell & Ryan, 372). The doctrine seems to be that if a witness, examined by the prosecutor on the trial, swears that he knows the person, stated in the indictment to be unknown, and if it appear that he gave testimony before the grand jury disclosing the name, the indictment cannot be sustained. It is the ignorance of the grand jury, and not of the petit jury, which authorizes the statement that the person is unknown. It does not sustain the objection that the evidence on the trial discloses the name, unless it at the same time appears that the name was known to the grand jury. (*Rex* v. *Bush, supra;* 3 Campb., 264.)

I am for affirming the judgment.

Judgment affirmed.