THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN J. SCHEPPA, Appellant.

Argued April 18, 1946; decided June 6, 1946.

*Samuel Bader* and *Harry G. Anderson* for appellant. I. The verdict acquitting the codefendant and convicting appellant is legally inconsistent. Appellant's conviction must, therefore, be set aside. (*People* v. *Kuland*, 266 N. Y. 1; *People* v. *Hamilton*, 165 App. Div. 546; *Feder* v. *United States*, 257 F. 694; *Worthington* v. *United States*, 64 F. 2d 936; *Reg.* v. *Manning* [1883] L. R. 12 Q. B. Div. 241; *Reg.* v. *Thompson* [1851] 16 Q. B. 832; *State* v. *Smith*, 117 Ark. 384; *Sherman* v. *State*, 113 Neb. 173; *People* v. *MacMullen*, 134 Cal. App. 81; *People* v. *McKane*, 143 N. Y. 455; *People* v. *Weiss*, 290 N. Y. 160; *People* v. *Safe-Way Coal Co.*, 242 App. Div. 659; *People* v. *Massett*, 7 N. Y. S. 839; *People* v. *Munroe*, 190 N. Y. 435; *People* v. *Liquori*, 284 N. Y. 309; *State* v. *Dougherty*, 88 N. J. L. 209.) II. Appellant's guilt was as a matter of law not established beyond a reasonable doubt. (*People* v. *Learman*, 261 App. Div. 748.)

*Miles F. McDonald, District Attorney* (*William I. Siegel* of counsel), for respondent. I. There is no inconsistency in the verdict convicting appellant and acquitting the codefendant. (*People* v. *Eichner*, 168 App. Div. 200; *People* v. *Cohen*, 223 N. Y. 406; *People* v. *Sciascia*, 268 App. Div. 14.) II. Appellant's guilt was established beyond a reasonable doubt. (*People* v. *Misiani*, 148 App. Div. 797.)

DESMOND, J. Appellant and a codefendant, Calabria, were accused by one Ambrogi, proprietor of a Brooklyn garage, of obtaining money from Ambrogi by threats. The joint indictment on which appellant and Calabria were tried contained two counts: one for extortion, the other for conspiracy to extort. The same alleged taking of money was pleaded as the extortion and as one of the overt acts in the conspiracy count. At the close of the trial the County Judge, without objection, dismissed the conspiracy charge. The jury then acquitted

Calabria and convicted appellant, of extortion, and the Appellate Division affirmed the judgment of conviction.

In appellant's main point he argues that the verdict against him was inconsistent with the jury's finding that his codefendant was innocent. If the conspiracy charge had gone to the jury and the jury had found one man guilty and the other not, that verdict would have been so self-contradictory as to be a nullity. "Upon an indictment [for conspiracy] against two only, where no others are named, the rule commonly stated is that an acquittal or reversal as to one is an acquittal or reversal as to the other " (*People* v. *Kuland,* 266 N. Y. 1, 2). This is so because "conspiracy imports a corrupt agreement between not less than two with guilty knowledge on the part of each " (*Morrison* v. *California,* 291 U. S. 82, 92). " If the act is indivisible, such as conspiracy or riots, then one cannot be convicted without the other " (*Klein* v. *People,* 31 N. Y. 229, 235). Here the conspiracy accusation had been stricken from the indictment before the case went to the jury. Appellant's counsel, however, says that even without the express charge of conspiracy, the theory of the prosecution throughout was that the two defendants had acted in concert, and that the rule hereinabove quoted from *People* v. *Kuland* should, therefore, apply.

The People did assert and insist at the trial that the two defendants were acting together, each with the same guilty intent. But the crime of extortion, unlike the crimes of riot or conspiracy or the crime charged in *People* v. *Munroe* (190 N. Y. 435) can be committed by one person without any confederate. Calabria, the acquitted defendant, did take part in the conversation in which, as the jury found, the threats were made which influenced Ambrogi to part with his money. Indeed Calabria, talking to the complainant out of appellant's hearing, elaborated on appellant's threatening statements and urged the complainant to make the payment demanded. The money was later actually paid to Calabria, to be turned over to appellant, and there is no proof that Calabria did turn it over. But there was testimony from which the jury could find that Calabria was acting not as an agent for, or collaborator with, appellant, but as a friend of complainant, believing, however mistakenly, that discretion in compliance would serve complainant better than valor in resistance. Calabria was complainant's acquaint-

ance, appellant was a stranger to the latter. Complainant testified that he himself, at least for a time, thought that Calabria's persuasions, unlike the similar urgings of appellant, were spoken out of friendship for complainant. The County Judge, without objection or exception, charged the jurors that they might find " the same verdict for both " or " a different verdict for each, depending upon the facts in the case as you find them ".

For all these reasons we think the case was one where reasonable jurors might say that, of the two defendants who urged complainant to part with his money lest he suffer injury, one had, and the other did not have, a criminal intent. This case is, therefore, not at all like *People* v. *Safe-Way Coal Co.* (242 App. Div. 659) where the jury exculpated certain defendants but convicted a defendant whose guilt, if any, must have been vicarious or derivative only and predicated on the acts of those whom the jury freed (cf. *Pangburn* v. *Buick Motor Co.*, 211 N. Y. 228).

Although both defendants in the present case came to the garage together and each expressed to complainant the same idea — that harm would befall him if he did not suffer the exaction — nevertheless it cannot be said that the evidence is identical as to the two. Their relations to complainant were different and the jury could draw different inferences as to their motives. We need not, therefore, discuss at this time the legal effect of a verdict which illogically discriminates between joint defendants as to whom the proofs are identical (cf. *People* v. *Massett,* 7 N. Y. S. 839, 55 Hun 606, and *People* v. *Munroe, supra,* 190 N. Y. at p. 438, with such cases as *White* v. *People,* 32 N. Y. 465, and *People* v. *Cohen,* 223 N. Y. 406, 429, 430; see, also, as to inconsistency between determinations on various counts, *People* v. *Sciascia,* 268 App. Div. 14, affd. 294 N. Y. 927; *Dunn* v. *United States,* 284 U. S. 390, and Code Crim. Pro., § 443-a).

None of appellant's other points require special attention. The judgment should be affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY and THACHER, JJ., concur; DYE, J., taking no part.

**Judgment affirmed.**