■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD JOHNSON, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered May 26, 1961 after a jury trial, convicting him of (1) conspiracy to commit the crime of bribery (Penal Law, § 580, subd. 1); (2) bribery (Penal Law, § 378); and (3) conspiracy to pervert and obstruct justice and the due administration of the laws (Penal Law, § 580, subd. 6); sentencing him to serve a term of one year on each of the conspiracy counts, suspending the execution thereof, and sentencing him to serve a term of 3½ to 7 years on the bribery count. Judgment modified on the law by striking out so much thereof as convicts defendant on the first and third counts (the conspiracy counts) and as imposes sentence on such counts. As so modified, the judgment is affirmed (Code Crim. Pro., § 542; cf. *People* v. *Johnson*, 6 A D 2d 799, affd. 5 N Y 2d 1000). The findings of fact implicit in the verdict are affirmed. The defendant and his two co-conspirators were indicted and tried on a three-count indictment. The court granted the motion of the two codefendants to dismiss the indictment and it directed the jury to return a verdict of not guilty as against them. In a prosecution for the crime of conspiracy, one defendant cannot be convicted of such crime when all of his alleged co-conspirators have been acquitted (*People* v. *Scheppa*, 295 N. Y. 359; *People* v. *Chaplin*, 8 A D 2d 286; 72 A. L. R. 1186). Therefore the defendant's conviction on the conspiracy counts must be reversed. But a defendant may be acquitted of a conspiracy to commit a crime and be convicted of the substantive crime itself (*People* v. *Scheppa, supra*). Hence, the defendant here was properly convicted of the substantive crime of bribery. Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEON LAWLOR, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the former County Court, Queens County, dated March 10, 1961, which denied, without a hearing, his application to vacate a judgment of said court rendered December 10, 1947 on his plea of guilty, convicting him of assault in the first degree, and imposing sentence. Order affirmed (see *People* v. *Ehlers*, 16 A D 2d 795). Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.