HEARD APRIL TERM, 1876.

## THE STATE *vs.* JACKSON.

Indictment for conspiracy against "A and B" alone. Both appeared and pleaded to the indictment. "B" was put upon trial and "A" used as a witness for the State. After the jury retired a *nol. pros.* was entered as to "A," and a verdict of guilty rendered against "B:" *Held,* That judgment could not be pronounced on the verdict, the effect of the *nol. pros.* being to leave the indictment as if it charged "B" alone with the conspiracy.

Two or more persons must combine or there can be no conspiracy, and this joint combination must be laid in the indictment or it cannot be sustained.

Where the indictment alleges the joint combination of two, and *nol. pros.* is entered as to one, the effect of the entry is to leave the indictment as if it charged one alone; and if this be done before verdict of guilty against the other, judgment cannot be pronounced against him.

The State cannot give in evidence declarations made by its own witness out of Court contradictory of his statement on the examination.

BEFORE COOKE, J., AT GREENVILLE, JULY, 1875.

This was an indictment against Walter Jackson and Emanuel Fields for conspiracy to cheat and defraud William Smith. The indictment was in the usual form, charging that the defendants "unlawfully did combine, conspire, &c."

The defendants appeared and pleaded "not guilty."

At the trial Fields was used by the Solicitor as a witness for the State. After the jury retired and before a verdict was rendered, a *nol. pros.* was entered as to Fields, and then a verdict of guilty was rendered against Jackson.

Fields having testified to facts tending to shew that the transaction was an innocent one on the part of the defendants, there being no intention on their part to cheat and defraud, the Solicitor was allowed by the Court to examine other witnesses to shew that Fields had previously made statements in reference to the transac-

tion entirely contradictory of those now made by him, so far they related to the intention of the defendants.

Jackson appealed and moved this Court for a new trial on grounds which sufficiently appear, in the opinion of the Court.

*Jones, Jones & Mower, Earle & Wells,* for appellant:

. This was a joint indictment against the appellant and Emanuel Fields. The Solicitor severed and put the appellant on trial and examined Fields and the prosecutor, and then introduced other witnesses to prove that Fields had made statements out of Court different from those made on the trial.

1. The offense charged was a conspiracy, and only two were implicated or indicted, and the case of one of them, Emanuel Fields, was terminated before judgment pronounced, and the termination of the case against one of two conspirators by *nolle prosequi* or acquittal before judgment is an acquittal of the other. In riot and conspiracy, where one cannot be indicted for an offense committed by himself alone, the acquittal of those charged in the same indictment with him as co-defendant must of course extend to him.—1 Whart. Cr. L., § 431.

It is clear that if the case be thus (by *nolle prosequi*) withdrawn when on trial, this now operates as an acquittal.—1 Whart. Cr. L., 513.

The application to sever is more especially the right of the defendant, and is granted only upon strong showing.—1 Bishop on Criminal Procedure, §§ 1018, 1019; *State* vs. *McLenden,* 5 Strob., 85.

The case from 68 Eng. C. L., 148, shows that the defendant pleaded guilty, and no force, therefore, can be brought to this case from it. In the case of *The King* vs. *Cooke,* (16 Eng. C. L., 316,) four were indicted, together with divers other persons unknown. The jury found that the defendant was guilty of conspiracy with his brother, Richard Stafford Cooke, who had pleaded over. A motion in arrest of judgment was made, on the ground that the verdict showed a conviction of conspiracy with one not *convicted.* Abbott, C. J., and Bailey and Holroyd, Justices, overruled the motion on the express ground that the verdict did not show that he " did not conspire with the persons unknown." The necessary inference from this decision is, inevitably, that if the verdict had been that he

conspired with Richard Stafford Cooke *alone*, then the judgment would have been arrested. In the case before the Court, one of two alleged conspirators is used as a witness against the other and swears that the act was done to decide a wager merely. Fields cannot be tried. Can the verdict against Jackson be sustained?

2. Emanuel Fields was improperly allowed to testify, because he was a co-defendant with Jackson, and had neither been acquitted nor a *nolle prosequi* as to him entered until after he had testified and the jury had retired. One of several persons indicted, although he has pleaded and defended separately, is not a competent witness for his co-defendant unless immediately acquitted by a jury or a *nolle prosequi* entered, and the same rule applies to accessories. Whether the trial be joint or separate, the rule is the same.— 1 Wharton's Cr. L., § 790.

In an indictment against several, where the offense is such that it may have been committed by several, they are not of right entitled to be tried separately, but are to be tried in that manner. When the indictment includes several defendants, one of them cannot regularly become a witness for the others.—3 Whart. Cr. L., 3196.

Respectable authority has settled that in no case where two or more persons are jointly charged with an offense shall one be a witness for the other, whether jointly or separately tried, at least until the party offered as a witness was either previously acquitted or convicted. And even this last qualification to the general rule has been doubted, and the position to the full extent contended for, that a party to the record cannot, in any event, be received as a witness for his associates in accusation.—3 Whart. Cr. L., 3193. These propositions of law have been somewhat modified by our own statutes, and such witnesses are competent as witnesses for the defense, but they are not compellable to testify.—See also 1 Greenl. on Ev., § 407. Conspirators may be tried alone in two cases— first, where one of two dies; and, secondly, where only one appears.—1 Bish. on Cr. Pro., § 1022.

3. The State has no right to impeach her own witness by proving that he has made different statements out of Court, or by urging by argument that he should not be believed.— *Quinn* vs. *State*, 14 Md., 589; 2 Phil. Ev., Ch. X, § 4; Roscoe Cr. Ev., 67.

The testimony of Emanuel Fields must be taken as a whole or it must be entirely rejected. The Solicitor has no right to elect to take a part of his testimony as true and reject the remainder as

false. If it be taken as entirely true, then there is no criminal offense proven. If it be entirely rejected, then also is no criminal offense proven.

*Blythe*, Solicitor, contra:

The appellant in this case was indicted, in connection with one Emanuel Fields, for conspiracy to defraud. On motion of the Solicitor, the cases were severed, and appellant only put upon his trial. He was convicted and sentenced to ten years in the Penitentiary.

1. As to the first ground in arrest of judgment: The entering a *nolle prosequi* does not terminate the case.—*State* vs. *Haskell*, 3 Hill, 75; *State* vs. *Howard*, 15 Rich., 274; 1 Chitty's Crim. Law, 479, and cases there cited; 2 Russell on Crimes, 691. One of two conspirators may be convicted without reference to the guilt of the one not on trial.—*King* vs. *Cooke*, 16 Eng. Com. Law, 816. The defendant has no right to object to discontinuance as to a co-conspirator.—68 Eng. Com. Law, 148.

2. As to the second ground in arrest of judgment, the witness was not on trial; the presiding Judge cautioned him that he was not bound to criminate himself, and, he having testified under such circumstances, appellant has no right to complain.

3. The witness, Emanuel Fields, though called by the State, was unfriendly, and the State had a right to point out discrepancies in his testimony.—Ros. Crim. Ev., pp. —.

4. As to the sufficiency of the indictment: It was the duty of the defendant to show in what particular it was defective. "The Court is not bound to inquire of the errors if the party does not show them."—Back. Abr., 101.

But the indictment was sufficient.—1 Bishop Crim. Procedure, 516; 2 do., 206 to 220, inclusive; 2 Rus. on Crimes, 690, *et sequitur*.

6. As to the motion for a new trial, the evidence was fairly submitted to the jury, with proper instructions, which found him guilty and the Court will not disturb the verdict.—*Lindsey* vs. *Bland*, 2 Speer, 33; *Butler & Co.* vs. *Carter*, 1 Strob., 14; *Upson* vs. *Horn*, 3 Strob., 110; *Parker* vs. *Bryce*, 3 Strob., 551; *Hyams* vs. *Valentine* 4 Strob., 408.

Columbia, April, 1876.

May 18, 1876.   The opinion of the Court was delivered by

Moses, C. J.   The appellant and Emanuel Fields were indicted for a conspiracy to cheat and defraud one William Smith.   They had both plead "not guilty," and appeared.   The State severed. Jackson was put on his trial.   Fields was the principal witness for the prosecution.   After the jury retired a *nol. pros.* was entered as to him, and a verdict of "guilty" rendered against Jackson. Special grounds are submitted in arrest of judgment, and, principally among them, that the prosecution of one of the two parties against whom the conspiracy was charged having terminated before judgment against the other, it operates *per se* as an acquittal of the defendant on trial.   This proposition cannot be maintained as a general one to the extent thus claimed for it.   A *nol. pros.* does not necessarily end the prosecution nor bar the State from preferring another indictment on the same charge.—*State* vs. *Haskell*, 3 Hill, 75; *State* vs. *Howard*, 15 Rich., 274.   Much less can it always operate as an acquittal.   This conclusion, however, by no means settles the main points involved in the question made by the appellant.   We must consider the bearing and effect of the verdict against him.   The term "conspiracy," according to the books, implies a combination between two or more to do either an unlawful act or to accomplish by unlawful means a legal end.   The concurring will of at least two persons is as necessary to the offense as that of three to the constitution of a riot.   The essential prerequisite of a concert between two or more to establish the charge of a conspiracy has led to changes and modifications in the general rules which attained and prevailed at common law in relation to offenses which might be committed by a single person.   In regard to the "conspiracy," Mr. Bishop, in his second volume on Criminal Procedure, § 168, says:   "There is no one of the recognized crimes which in matter of law as well as of pleading is more afloat than this."   In his first volume, § 960, he says: "The offense of conspiracy being committed only where more persons than one join in the act of wrong-doing, rests upon somewhat different ground in respect to the matter of separate trial than most other offenses. Here may indeed be separate trials for this offense, as, for instance, if only one appears to the indictment he may be tried alone, especially if he so requests.   And where one of two conspirators who are jointly indicted dies before trial, the living one

may be tried alone. But except where some reason of this sort prevails, no separate trial will be allowed in cases of conspiracy." If all the defendants charged in an indictment for conspiracy are acquitted but one, unless the offense is alleged to have been committed with others unknown, from the very nature of the execution the verdict against that one could not be permitted to stand. Where two are charged, and are both present in Court, after plea filed by each, a *nol. pros.* as to one before verdict rendered leaves the count in the indictment inoperative and without effect as to the other, because in that event no conspiracy is alleged against either; for, to constitute it, there must be the conjoined action of both. The indictment here, according to the usual form, charges that Jackson and Fields "unlawfully did combine, conspire, &c." If the effect of the *nol. pros.* is to discontinue the charges as to Fields, there can be none against Jackson, for the essential ingredient is the combination. Could it be said in such a case the conspiracy is found as laid? In *Rex* vs. *Kinnersly and Moore*, (1 Stro., 193,) it was held that one might be convicted of conspiracy before the trial of the other. Here, however, it must be borne in mind that the other had not appeared and plead. The reason given, too, in support of the judgment by Eyre, C. J., would imply that the indictment alleged the conspiracy against the two named defendants *cum multis aliis,* for he referred in support of his view to *Rex* vs. *Ludbury,* where four were indicted for a riot, two found guilty and the other two accqitted; and on an examination of the case (12 Mod., 262,) it will be seen this was held a discharge of all, though Holt, C. J., said it would have been otherwise had it been laid *cum multis aliis.* On this distinction alone, too, did the case of *The King* vs. *Cook* proceed. 7 Dow. and Ry., 673, and *Rex* vs. *Kinnersly and Moore* was cited as an authority for the conclusion of the Court. Besides, this point of difference is to be observed in the case last named and the one before us. There all the parties had not appeared and plead. Here both Fields and Jackson had plead to the indictment and could have been tried together. In the former case a verdict might probably have been sustained against one, the allegation being against both, though one only was on trial; but here, before the verdict was rendered, the charge, by the *nol. pros.*, was dismissed as to Fields. The indictment, therefore, alleging a conspiracy by one alone, the effect of the *nol. pros.* destroys the averment of the "common design,"

which, Mr. Russell says, is "the root of the charge." In the case of the *State* vs. *Calder*, (2 McC., 404,) Mr. Justice Nott, delivering the opinion of the Court, said: "The law is too well settled to be questioned at this day, that less than three persons cannot commit a riot. If, therefore, any number of persons are indicted, and all but one or two are acquitted, judgment cannot be rendered against those who are convicted, unless the act be charged to have been committed with other persons unknown."

As the motion to arrest the judgment must prevail, it is only necessary to notice very briefly so much of the grounds for a new trial as alleges error on the part of the Court in allowing the State to prove declarations made by its own witness entirely contradictory of his statement on the stand. While a party is allowed great latitude in examining an unwilling witness, though his own, he is not at liberty either to attack his credibility directly or to prove declarations inconsistent with his evidence in Court. Such a course would, in fact, give greater effect to what a witness might say when not under the obligation of an oath than is to be accorded to him when testifying with all the sanction and responsibility which it imposes.

The motion in arrest of judgment is granted.

*Wright*, A. J., concurred.

WILLARD, A. J. I am of opinion that the granting of a *nol. pros.* after the jury were charged with the case ought to have the same effect as an acquittal in arresting judgment.