(165 App. Div. 546)

### PEOPLE v. HAMILTON et al.

(Supreme Court, Appellate Division, Third Department.   January 6, 1915.)

1. CONSPIRACY (§ 47*)—CIRCUMSTANTIAL EVIDENCE—SUFFICIENCY.

In a prosecution on Penal Law (Consol. Laws, c. 40) § 580, for conspiracy to procure a young girl to swear that she had had illicit relations with certain named men and that she was under 16 years of age, circumstantial evidence would warrant the finding that one of the defendants conspired with the other defendant.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 105–107; Dec. Dig. § 47.*]

2. CONSPIRACY (§ 23*)—PROSECUTION—CONVICTION.

One of two parties indicted for a conspiracy cannot be convicted, unless the other party was also guilty, so that it is necessary to prove the guilt of both to sustain an indictment.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 30–39; Dec. Dig. § 23.*]

3 CRIMINAL LAW (§ 1172*)—INSTRUCTIONS—PROVINCE OF JURY—CIRCUMSTANTIAL EVIDENCE.

In a criminal prosecution, where the evidence was circumstantial only, an instruction, that if the testimony was true defendant would be guilty, was reversible error, since the inference of guilt from circumstantial evidence must always be drawn by the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3128, 3154–3157, 3159–3163, 3169;  Dec. Dig. § 1172.*]

Appeal from Warren County Court.

Frederick L. Hamilton and another were convicted of conspiracy, and they appeal.   Reversed, and remitted for new trial.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Charles P. Coyle, of Glens Falls, for appellants.

James S. Kiley, Dist. Atty., of Glens Falls, for respondent.

SMITH, P. J.   The defendants have been convicted of the crime of conspiracy under section 580 of the Penal Law of the state.   The conspiracy charged was to procure a young girl to swear that she had had illicit relations with one Dr. James L. Fuller and William R. Waddell, and to swear that she was under 16 years of age.   This conspiracy is charged to have been formed with a criminal intent to cheat and defraud the said Fuller and Waddell out of money and property; and it is further charged in pursuance of said conspiracy that they asked and endeavored to persuade one Ellen Dyer falsely to give such testimony.

[1] Upon the witness stand Ellen Dyer, who since has married one Burlette, swore that she was between 16 and 17 years of age upon the 3d and 4th days of October, 1913; that upon the 4th day of October, 1913, the defendant Holland endeavored to persuade her to swear to a complaint against the said Fuller and Waddell, charging them with having had illicit relations with her, and that she was under the age of 16 years. She swears that she had no conversation with Hamilton in reference thereto, and confessedly the only evidence upon which Hamilton has been convicted is circumstantial evidence connecting him with the transaction. I have no doubt that such evidence in this case is of sufficient strength to authorize a jury to find that defendant Hamilton conspired with defendant Holland, as charged in the indictment.

[2, 3] The judgment of conviction, however, must be reversed for an error in the charge of the trial court. A conspiracy involves, of necessity, the joint agreement of at least two parties. Holland cannot be guilty of this crime, unless Hamilton also is guilty. It is necessary, therefore, to prove the guilt of both in order to sustain this indictment. As before stated, while the evidence against Holland is direct, the evidence against Hamilton is circumstantial only. The court in part charged the jury:

"If you believe that any witness has not told the truth to you, you have a right to throw out all of his or her evidence; and if you find that they entered into this conspiracy, and if you find that the Dyer girl has told the truth, then I say to you that you are justified in bringing in a verdict of guilty against these defendants. And in addition to that, if you believe the testimony of Ellsworth Ross and Charlie Baker and Robert Somerville and Mr. Moston and the Dyer girl to be the truth, you cannot, under your oaths, find the defendants not guilty."

The witnesses named by the judge in his charge were all witnesses who had sworn merely to circumstances from which the inference might be drawn that Hamilton was connected with this crime. I apprehend that in no case where circumstantial evidence only is presented in behalf of the prosecution has the court a right to rule as matter of law that if that circumstantial evidence be true a defendant is guilty of crime. The inference of guilt from circumstantial evidence must always be drawn by the jury.

For this error, the judgment must be reversed, and the case remitted to the County Court of Warren County for a new trial. All concur.