THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* JACOB KULAND, LOUIS KATSENBOGEN and PHILIP CHEGAN, Respondents.

(Argued October 25, 1934; decided November 27, 1934.)

*Charles S. Colden,* District Attorney (*Mordecai Kono-witz* of counsel), for appellant. The reversal of the convictions and dismissal of the information as against the defendants Kuland and Katsenbogen was contrary to law. (*People* v. *Sweeney,* 213 N. Y. 37; *People* v. *Miles,* 123 App. Div. 862; 192 N. Y. 541; *United States* v. *Cohn,* 128 Fed. Rep. 615; *Browne* v. *United States,* 145 Fed. Rep. 1; 200 U. S. 618; *Motes* v. *United States,* 178 U. S. 458; *Anderson* v. *Commonwealth,* 203 Ky. 681; *Hustead* v. *State,* 95 Tex. Cr. Rep. 49; *Schindler* v. *Royal Ins. Co.,* 258 N. Y. 310.)

*John C. Judge* for respondents. Inasmuch as there was no competent evidence showing that one of the defendants had anything to do with the conspiracy alleged in the information, the judgments against the other two defendants cannot be sustained. (*People* v. *Hamilton,* 165 App. Div. 546.)

CROUCH, J. The defendants were convicted of conspiring to commit a felonious assault upon one Michael Capura, by throwing sulphuric acid upon him. The Appellate Division reversed the judgments of conviction upon the law, dismissed the information, exonerated bail and discharged the defendants. " There is," says the decision, " no competent evidence in the record showing that defendant Chegan had anything to do with the conspiracy alleged in the information, and without this the judgment may not be sustained. (*People* v. *Hamilton,* 165 App. Div. 546.) " (241 App. Div. 772.)

The effect of an acquittal or of a reversal as to one or more but not all of the defendants tried upon a charge of conspiracy, is an old and much debated question. Upon an indictment against two only, where no others are

named, the rule commonly stated is that an acquittal or reversal as to one is an acquittal or reversal as to the other. (2 Wharton's Criminal Law [12th ed.], § 1657; 1 Bishop on Criminal Law [9th ed.], § 801; *State* v. *Tom,* 13 N. C. 569.) *People* v. *Hamilton* (165 App. Div. 546), cited by the Appellate Division as authority for its decision in this case, rests upon that rule. A contrary view is arguable. (Cf. *Jones* v. *Commonwealth,* 31 Grat. [Va.] 836; Lord COLERIDGE, C. J., in *The Queen* v. *Manning,* 12 Q. B. Div. 241, 245; *State* v. *Taylor,* 160 Iowa, 328; *Woody* v. *State,* 10 Okla. Crim. Rep. 322, and note thereon 49 L. R. A. [N. S.] 479; 16 Harv. L. Rev. 142; 25 Harv. L. Rev. 288.) Where three or more are indicted or named, while there is still diversity of opinion, the better view, apart from dry logic, is that acquittal or reversal as to one or more is not such repugnancy on the record as to require the setting aside of the conviction of the other or others. (*People* v. *Olcott,* 2 Johns. Cas. 301; *People* v. *Miles,* 123 App. Div. 862; affd., 192 N. Y. 541; *Browne* v. *United States,* 145 Fed. Rep. 1; *Dafour* v. *United States,* 37 App. Cas. D. C. 497; *Motes* v. *United States,* 178 U. S. 458; Harv. Law Review, *ubi supra.*)

" The law must be practical." (CRANE, J., *People* v. *Rizzo,* 246 N. Y. 334, 337.) The case against Chegan as it now appears falls for lack of competent proof. The dismissal of the information as to him amounts to little if anything more than a verdict of not proven. (*Schindler* v. *Royal Ins. Co.,* 258 N. Y. 310, 313.) If the evidence against the other two proves them beyond a reasonable doubt to have been guilty, their conviction may stand. They chose, as they had the right to do, not to take the witness stand. If, because of that choice, Chegan goes free, while they suffer, they have no cause to complain.

We are, however, without jurisdiction to decide the case upon the record now before us. The orders of the Appellate Division fail to show that it exercised its power and duty to review the facts. (*People* v. *Redmond,* 225 N. Y. 206; *People* v. *Bergman,* 252 N. Y. 346.)

The appeal should be dismissed but without prejudice to an application by the District Attorney for appropriate relief at the Appellate Division.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and LOUGHRAN, JJ., concur.

Appeal dismissed, etc.