**BUIE v. UNITED STATES.**

No. 7509.

Circuit Court of Appeals, Fifth Circuit.

April 10, 1935.

Rehearing Denied May 27, 1935.

W. C. Linden, Sr., of San Antonio, Tex., Henry Zweifel and Mack Taylor, both of Fort Worth, Tex., and J. Forrest McCutcheon, of Oklahoma City, Okl., for appellant.

A. W. W. Woodcock, Sp. Asst. to Atty. Gen., and Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

Vivian Wycliff Buie appeals from a judgment, entered on a verdict of guilty,

returned on an indictment which charged, in six counts, that, together with Edwin P. Knotts and Cary M. Buie, he had devised a scheme to defraud divers persons, by inducing them to invest in certain oil and gas properties, by means of false and fraudulent representations, and had mailed and caused to be mailed various letters in execution of the scheme, in violation of section 338, title 18 U. S. C. (18 USCA § 338). The seventh count charged a conspiracy to commit the substantive offense, but he was not tried on that count. Knotts and Cary M. Buie were not charged as defendants.

Error is assigned to the overruling of a plea in bar; to the remarks of the court when overruling the plea in bar; and to the denial of a motion to direct a verdict for defendant.

■ As to the plea in bar, the following appears: An indictment had been previously returned charging appellant, with Edwin P. Knotts, Cary M. Buie, H. G. Marshall, Walt Keehan, and C. L. Nixon, with substantially the same offense charged in this case. A nolle prosse was entered in that case as to appellant, Marshall, and Keehan, while Knotts, Cary M. Buie, and Nixon entered pleas of guilty. The plea in bar alleged that appellant had entered into an agreement through his counsel, Mr. Zweifel and Mr. Taylor, with Mr. Woodcock, representing the government, to the effect that, if pleas of guilty were entered by Knotts, Cary M. Buie, and Nixon, he would dismiss the indictment and terminate the prosecution as to the other defendants, including appellant.

The court heard the evidence of the three attorneys named on presentation of the plea. Mr. Woodcock denied any agreement, and stated that he dismissed the other indictment because the evidence was not available to convict appellant, and not because he expected counsel to secure pleas of guilty from other defendants. The evidence of Mr. Zweifel and Mr. Taylor is to the effect that they understood that the indictment against plaintiff would be dismissed and the prosecution terminated if the other three defendants entered pleas of guilty. On this conflicting evidence it was for the District Judge to say whether the agreement was proven. But we deem that immaterial. It is elementary that an indictment may be dismissed and the defendant reindicted for the same offense, if he had not been put in jeopardy. Appellant cites a number of cases to the effect that the United States is bound by an agreement entered into by her counsel in a civil case; other cases holding that where revenue claims have been compromised and paid criminal prosecutions are barred, and other cases holding that where witnesses have been compelled to give testimony against themselves before an investigating authority immunity results. It would be useless to review these cases, as none of them are in point, and we are not aware of any decision, either controlling or persuasive, that would support the contention of appellant. We have no hesitancy in holding that the government was not estopped to prosecute appellant in this case regardless of whether an agreement was made as alleged. The assignment is without merit.

■■ When overruling the plea in bar the court made certain remarks indicating that in his opinion an attorney seeking a dismissal of a criminal case impliedly represents that his client is innocent and, if he were not innocent, the attorney would be guilty of constructive fraud. The jury had not been called to the box when the remarks were made, but we may assume that the panel from which it was subsequently drawn was present, although that is not clearly shown. The specific words of the judge which are objected to are not set out in the assignment of error. Further, it does not appear from the bill of exceptions that any exception was taken to the remarks of the court. It is true that when the court had finished, Mr. McCutcheon, counsel for defendant, said, "Note our exception," but that was all. If counsel had intended to object to the remarks of the court, it was his duty to point out the objectionable language, to call the court's attention to it so it might be withdrawn or modified or explained, if he deemed the remarks would so prejudice the panel as to prevent a fair trial. It is apparent that the exception noted was not intended to go further than to preserve the point as to the overruling of the plea in bar. We find nothing in the remarks of the court that would have tended to prevent a fair trial. Error does not appear from this assignment.

■ The record is voluminous, the testimony and exhibits occupying over 500 pages of the printed record. The court fully and fairly charged the jury, and no exception was noted to the general charge. Exceptions were noted to the refusal of five special charges requested, but it is apparent that, so far as they were proper, they

were covered by the general charge of the court. We will not attempt to review the evidence in detail. It is enough to say there was sufficient before the jury to support the verdict. It was not error to deny the motion for an instructed verdict.

Other errors assigned are so clearly without merit as to require no comment.

The record presents no reversible error. Affirmed.