**UNITED STATES v. FOX.**

No. 7867.

Circuit Court of Appeals, Third Circuit.

Argued April 23, 1942.

Decided Aug. 4, 1942.

Writ of Certiorari Denied Oct. 19, 1942.

See —— U.S. ——, 63 S.Ct. 74, 87 L.Ed. ——.

Martin W. Littleton, of New York City, and Morris Wolf, of Philadelphia, Pa., for appellant.

Gerald A. Gleeson, of Philadelphia, Pa. (Francis W. Sullivan, Asst. U. S. Atty., of Philadelphia, Pa., on the brief), for respondent.

Before JONES and GOODRICH, Circuit Judges, and LEAHY, District Judge.

GOODRICH, Circuit Judge.

The appellant, William Fox, was indicted with two other persons, J. Warren Davis and Morgan S. Kaufman, charged with conspiracy to obstruct justice and to defraud the United States. The indictment contained the usual residuary clause charging conspiracy of the named conspirators "with divers other persons whose names are to the Grand Jurors unknown, * * *." The appellant entered a guilty plea and became a witness for the United States at the trial. The first jury, being unable to agree, was discharged without a verdict. Subsequently, a second trial was had which again resulted in a disagreement and this jury was likewise discharged without a verdict. The appellant was a witness for the government in the second trial also. Sometime thereafter a nolle prosequi was entered upon the application of the government as to the defendants, Davis and Kaufman. The appellant both before and subsequent to the nolle prosequi moved for leave to withdraw his plea of guilty. He also moved, subsequently to the nolle prosequi, for a vacation or modification of the sentence which had been imposed prior to entry of judgment of the nolle prosequi. The District Judge refused both requests and his action is assigned as error upon this appeal.

The case for the appellant in this court rests on two grounds. One concerns the doctrines of the law relating to conspiracy to the facts of his case. The other is whether the trial judge went beyond his discretion in refusing the appellant permission to withdraw his guilty plea.

The law of conspiracy has been nearly as proliferative as that of larceny in its development of technical doctrine. The question in this case is limited, however, to the growth of one branch. By definition conspiracy is a group offense; therefore, two or more people must participate to create the crime. Morrison v. California, 1934, 291 U.S. 82, 92, 54 S.Ct. 281, 78 L.Ed. 664. Then it is held that where an indictment for conspiracy names only two, an acquittal or reversal as to one is an acquittal or reversal as to the other. This is no doubt the law announced by the majority of the decisions[1] including the federal courts,[2] although as the New York court says the "contrary view is arguable".[3] This result, however, is not to be expanded into a general "all or none" rule. The conviction of some alleged conspirators does not fall because others named are acquitted, even though the conviction of the others is logically required for the finding of guilty of those held.[4] Nor is the conviction of one alleged conspirator vitiated because of the possible later acquittal of co-defendants not yet tried[5] or even apprehended.[6] Furthermore, one may be convicted and punished for a conspiracy even though his fellow conspirators may be immune from prosecution because of the immunity attaching to representatives of foreign governments,[7] the Fifth Circuit declaring that "The rule that the acquittal of all save one of alleged conspirators results in the acquittal of all applies to acquittals on the merits".

The appellant does not contend that his alleged fellow conspirators were acquitted, but does argue that the nolle prosequi puts an end to charges made by this indictment and so should be treated as having the same effect as an acquittal. This point will be taken up later. Argument for the appellee answers it in part

---

[1] See annotation (1931) 72 A.L.R. 1180; (1935) 97 A.L.R. 1312.

[2] Worthington v. United States, 7 Cir., 1933, 64 F.2d 936; Feder v. United States, 2 Cir., 1919, 257 F. 694, 5 A.L.R. 370.

[3] People v. Kuland, 1934, 266 N.Y. 1, 193 N.E. 439, 97 A.L.R. 1311.

[4] United States v. Austin-Bagley Corporation, 2 Cir., 1929, 31 F.2d 229, certiorari denied 1929, 279 U.S. 863, 49 S. Ct. 479, 73 L.Ed. 1002.

[5] De Camp v. United States, 1926, 56 App.D.C. 119, 10 F.2d 984.

[6] Rosenthal v. United States, 8 Cir., 1930, 45 F.2d 1000, 78 A.L.R. 1415.

[7] Farnsworth v. Zerbst, 5 Cir., 1938, 98 F.2d 541, 544.

by reference to the charge in the so-called residuary clause alleging a conspiracy with persons unknown. This allegation affords a basis for determining what evidence is admissible and what evidence will support conviction when one of two named defendants is found not guilty. "* * * a conspiracy may be established, even though one of the two parties named * * * is not such a member, if the evidence shows that there are other persons in existence one or more of whom were parties to such conspiracy."[8] The evidence which was introduced in the two trials referred to is not before this Court. It appears from the affidavits in the record before us that there is, in that evidence, no testimony with regard to a conspiracy participated in by any persons other than the named defendants. The attorney for the appellee, with commendable frankness, stated at the argument that there was no such evidence. We think this constitutes an abandonment of the residuary clause of the indictment by the government[9] and that the clause is without significance in the case at this stage.

We come then to the actual legal question presented in this appeal. Suppose there is a conviction of one named conspirator and a nolle prosequi as to the other and only the two are named? The South Carolina decision in State v. Jackson, 1876, 7 S.C. 283, 24 Am.Rep. 476, squarely holds that a conviction under such circumstances cannot be sustained. This was approved obiter in the Second Circuit[10] and approved, but the question left open, by the Fourth Circuit.[11] In an earlier federal case it was held in the charge of the trial judge that any one of those prosecuted could be found guilty of a conspiracy with another, as to whom a nolle prosequi had been entered, although his co-defendants were acquitted.[12] The result of a conviction of one and a nolle prosequi as to the others of named conspirators is not answered by any authority which we are bound to follow. The South Carolina decision is certainly close to the point. Contra is the Rindskopf case, although the

matter appears not to have been given much consideration. The dicta in the other opinions are not, as is obvious from the context, the deliberate thought of the courts upon the point.

We think that to treat a convicted conspirator whose fellow conspirator's case has ended by a nolle prosequi like the case where one is convicted and the other is acquitted goes too far. The analogy overlooks the difference between an acquittal and a nolle prosequi. The courts seem to have treated the acquittal in this connection as though the jury had expressly found that the defendant did not participate in the conspiracy charged. Therefore, the defendant who is convicted stands in the situation of having been found to conspire by himself, a manifest impossibility by the definition of conspiracy. One may criticize that rule as being founded upon a false premise, for a not guilty verdict is not necessarily a declaration of innocence by the jury, but simply an indication of lack of proof of guilt beyond reasonable doubt. Be that as it may, the acquittal of the alleged conspirator does free the accused from further prosecution for the offense charged. The nolle prosequi does not. As in the case of disagreement of a jury, "The prisoner has not been convicted or acquitted, and may again be put upon his defence."[13] It is not a bar to a second indictment covering the same matter, although it does terminate the proceedings in which the nolle prosequi occurs.[14] It is a very considerable step which has to be taken to apply the rule as to acquittal to the termination of proceedings by a nolle prosequi. We are not called upon to take it either by reason or by authority.

The defendant in this case was not found guilty by a jury of his peers but by his own plea. So far as this phase of the case is concerned that is a distinction without a difference. The Supreme Court has said:[15] "A plea of guilty * * * is itself a conviction. Like a verdict of a jury it is conclusive. * * * the court

---

8 Worthington v. United States, supra [64 F.2d 939].

9 Whitaker v. United States, 1934, 63 App.D.C. 367, 72 F.2d 739, cf. Worthington v. United States, supra.

10 Feder v. United States, supra.

11 Miller v. United States, 4 Cir., 1921, 277 F. 721.

12 United States v. Rindskopf, D.C.W. D.Wis.1874, 27 Fed.Cas.No.16,165.

13 United States v. Perez, 1824, 9 Wheat. 579, 580, 6 L.Ed. 165.

14 United States v. Rossi, 9 Cir., 1930, 39 F.2d 432. See, also, Buie v. United States, 5 Cir., 1935, 76 F.2d 848, certiorari denied 1935, 296 U.S. 585, 56 S.Ct. 97, 80 L.Ed. 414.

15 Kercheval v. United States, 1927, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009.

has nothing to do but give judgment and sentence." We have, therefore, this situation: defendant by his own plea has said that he is guilty. The prosecution, after two trials, has entered a nolle prosequi against appellant's fellow defendants. Neither their guilt nor innocence has been determined through this litigation. We see nothing in this situation which makes the conviction of the defendant incongruous or inconsistent either as a matter of law or a matter of fact.

The other proposition involved in this appeal concerns the District Court's refusal to allow the appellant to withdraw his plea of guilty, substitute a plea of not guilty and stand trial. In this instance we do not have a situation of the kind mentioned by Mr. Justice Butler in the case cited above where a plea of guilty is shown "to have been unfairly obtained or given through ignorance, fear or inadvertence". The appellant was represented by an able and learned lawyer. The matter of the guilty plea was thoroughly considered before the step was taken. This fact setting must be kept in mind in viewing the propriety of the exercise of the trial court's discretion. Here is no case of an ignorant man, without guidance, cajoled or frightened into entering a guilty plea without knowledge of the consequences.

 On the other hand, there were strong reasons presented to the District Court for allowing the plea to be withdrawn. The appellant shows a letter from a Special Assistant to the Attorney General stating that in the event of the acquittal of one of the named conspirators he would not argue against a request on appellant's behalf to withdraw his plea and stand trial. Misunderstanding concerning this agreement arose the first time the motion to change the plea was presented. It was in entire good faith on both sides and came from the fact that the lawyer in charge of the case for the government had been assigned to other duties and the United States Attorney was unaware of the agreement. However, this whole matter was fully presented to the trial court subsequently and the United States Attorney stated both that he did not object and that he was authorized to say for the Attorney General that it "was his definite desire that the man be allowed to withdraw his plea". It is also stated, and may be taken as a fact, that the prosecutor in charge of the case offered, at the conclusion of the first trial, to permit the appellant to withdraw his plea at that time and that the latter did not seek to do so. He told his story on the witness stand, as he said he would, at both trials. The appellant does not claim that the agreement originally made or the subsequent recommendation of the Attorney General binds the trial court as a matter of law. The argument is rather that the facts as presented should have moved the trial court to grant the petition as a matter of discretion. That the exercise of such discretion is reviewable has been previously stated by this court. Camarota v. United States, 3 Cir., 1924, 2 F.2d 650. But in that very opinion the court stated that defendant would not have been entitled to change his plea upon discovering that the trial court was not going to go on the recommendation of the United States Attorney and impose a light sentence. The difficulty in the appellant's argument for reversal on the ground of abuse of discretion is that he cannot show any misunderstanding of fact or of law which was the basis of his plea of guilty in the first place and his adherence to it throughout two trials. The letter from Mr. Fulton, originally in charge of the prosecution, states that when the possibility of acquittal of those tried was discussed "I informed Mr. Littleton [counsel for the appellant] that I thought that the disposition of the matter in any such event would be made by the Court, * * *." The agreement which was made by the prosecuting authorities was fully kept. So we have a case where there was neither misunderstanding at the beginning of what was being agreed to, nor a failure thereafter to adhere to the agreement. "It is not error to refuse leave to withdraw the plea if the defendant fully understood his rights, the nature of the charge against him, and the consequences of such a plea," says the court in a recent decision of Ward v. United States, 6 Cir., 1940, 116 F.2d 135, 136. That seems to be the precise situation here in the showing made by the appellant himself. With full knowledge of the facts and possible consequences he took, under careful legal advice, a course of action. He kept his agreement; the prosecuting officers kept theirs. But the judge, who had the responsibility for determining the question did not choose to follow the recommendation made. The discretion so to act was for him to exercise and, under the circumstances shown, the manner of its exercise cannot be said as a matter of law to have been an abuse of the discretion. It

is true that the appellant not only avoided, for the public authorities, the difficulties and expense of trial, but gave testimony for the government in the case of those who did stand trial. Now they are not convicted and he is sentenced to jail. On the other hand, he is not in a position to deny, and in fact does not deny, that the evidence he gave was true. The fact of his own conviction through his guilty plea is not changed by the failure to convict others charged with participation in the same offense.

The judgment of the District Court is affirmed.