Carlos CRAWFORD, Petitioner,

v.

Otto C. BOLES, Warden of the West Virginia State Penitentiary, Respondent.

No. 660–E.

United States District Court
N. D. West Virginia.
Aug. 18, 1966.

No appearance for petitioner.

C. Donald Robertson, Atty. Gen., West Virginia, George H. Mitchell, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

Petitioner was convicted in State court of having conspired with another named individual to inflict bodily punishment on one Grimett. Petitioner was sentenced to an indeterminate term of not less than one year, nor more than ten years and is presently serving that sentence in the West Virginia Penitentiary.

■ Petitioner grounds his petition on two claims. The first, which appears to be that the State failed to allege and prove the intent requisite to the crime, is merely a conclusory statement and fails to raise or substantially suggest an issue of constitutional proportions.

■ The second ground is that the State's failure to convict Petitioner's alleged co-conspirator (the named individual with whom he conspired) invalidates or voids Petitioner's conviction. Petitioner and his associate were jointly indicted for the crime of which Petitioner was convicted. Pursuant to Petitioner's request, the trial court granted a severance and Petitioner was tried separately and convicted.

The State thereafter was unable to bring the case against Petitioner's co-conspirator to trial due to its inability to locate a key witness. After securing several continuances, the State requested and was granted a *nolle prosequi* and the case was dismissed.

Petitioner contends that his conviction was nullified by the State's failure to convict his co-conspirator. Petitioner unsuccessfully urged this view in a petition for habeas corpus relief before the Circuit Court of Cabell County, West Virginia.[1] That court stressed the fact that Petitioner had sought the severance, which delayed and ultimately frustrated the trial of Petitioner's co-conspirator, and went on to hold that the conviction of Petitioner's co-conspirator was not a condition precedent to a valid conviction of Petitioner. That court also specifically acknowledged that its ruling would have been different if Petitioner's co-conspirator had been exonerated by a jury.

The rule applied by the Cabell County Court and impliedly affirmed by the West Virginia Supreme Court of Appeals does not offend any Federal constitutional safeguards.

United States v. Fox, 130 F.2d 56 (3 Cir. 1942) cert. denied, 317 U.S. 666, 63 S.Ct. 74, 87 L.Ed. 535 (1942), is pertinent.

In that case the Court examined the rule that the acquittal of a convicted conspirator's sole co-conspirator invalidates the conviction of the former and relates that rule to the instance where the case against the co-conspirator has ended in a *nolle prosequi*.

"We think that to treat a convicted conspirator whose fellow conspirator's case has ended by a nolle prosequi like the case where one is convicted and the other is acquitted goes too far. The analogy overlooks the difference between an acquittal and a nolle prosequi. The courts seem to have treated the acquittal in this connection as though the jury had expressly found that the defendant did not participate in the conspiracy charged. Therefore, the defendant who is convicted stands in the situation of having been found to conspire by himself, a manifest impossibility by the definition of conspiracy. One may criticize that rule as being founded upon a false premise, for a not guilty verdict is not necessarily a declaration of innocence by the jury, but simply an indication of lack of proof of guilt beyond reasonable doubt. Be that as it may, the acquittal of the alleged conspirator does free the accused from further prosecution for the offense charged. The nolle prosequi does not. As in the case of disagreement of a jury, 'The prisoner has not been convicted or acquitted,

---

1. Petitioner also petitioned the West Virginia Supreme Court of Appeals for a writ of habeas corpus alleging the same grounds alleged in Cabell County Circuit Court. That petition was denied without a hearing.

and may again be put upon his defence.' "

In view of all the foregoing this Court finds that Petitioner's conviction, sentence and the post conviction relief afforded him [2] conform fully to the guarantees of the United States Constitution.

An order will be entered denying Petitioner the relief he seeks in this Court and dismissing his petition.

2. Petitioner filed a document in the nature of a traverse to the Respondent's answer to this Court's order to show cause. By that document Petitioner moved the Court to strike the answer filed by Respondent based on Petitioner's mistaken belief that it had been filed late. On July 7, 1966, this Court, for good cause shown, extended the time for filing Respondent's answer to July 27, 1966. The answer was filed on that day.