## Casper vs. The State.

Criminal Actions: Appeal to Supreme Court. *(1) Reversal for defect of evidence. (2) Presumption as to instructions.*
Criminal Law: Conspiracy to Defraud. *(3) Property of city in moneys paid to its treasurer. (4) Liability of officer for moneys officially received. (5) Separate trials of conspirators. (6) When judgment goes against one separately convicted. (7) Interchange of transcripts of record.*

1. Where the record shows evidence, upon trial of a criminal action, tending to support the verdict against the accused, and appearing to have satisfied the jury beyond reasonable doubt, and the court below refused a new trial, this court refuses to reverse the judgment on the ground of a want of evidence or a preponderance of evidence against the verdict.
2. Where the court below gave all correct instructions asked by the counsel of the accused, and no others, and these are not shown by the bill of exceptions, the presumption is that they were full and correct, and included an instruction that the jury should not convict the accused unless satis-

fied of his guilt beyond a reasonable doubt; and failure of the judge to give separate instructions of his own is not error.

3. Under a statute (ch. 370 of 1876) which requires the clerk of a court to pay periodically, at fixed times, into the treasury of a city, unpaid witnesses' fees received by him, and makes the city, after receiving the moneys, merely liable to pay the witnesses upon their demand, the city has at least a *special property* in the money after it becomes payable into its treasury; and this will support an averment of property in the city in an information against the clerk and another person for conspiracy to cheat and defraud the city.

4. One who, as clerk of a court, has officially received a fine imposed by the court, cannot question the validity of the fine or his official duty in respect of it.

5. Separate trials may be had upon indictment or information for conspiracy; and under secs. 4630, 4685, R. S., where the venue is changed for some only of the defendants in such an indictment or information, separate trials must be had.

6. Where several persons are prosecuted together for a crime which one, or other limited number only, cannot commit (like conspiracy or riot), and are taken and may be brought to trial, and, on separate trials, verdicts go against a number who are not capable in law of committing the crime, judgment against those found guilty should be supended until the number necessary to the crime are convicted; those already found guilty being meanwhile held in custody or under recognizance. Failing conviction of a sufficient number, those against whom verdicts have been found should be discharged. When verdicts are found against the number necessary to the crime, judgment should go against them.

7. In such a case, where the accused have been tried in different courts, transcripts of so much of the record as may be necessary to show the verdict in each case should be transmitted from one court to another.

ERROR to the Municipal Court of *Milwaukee* County.

In May, 1879, an information was filed in said court against *Charles Casper*, Peter Bellinghausen and Henry G. Phillips. The first count charges, in substance, that *Charles Casper* was clerk of said court from January 1, 1876, until January 7, 1878; that Peter Bellinghausen was assistant clerk of the same court from January 1, 1876, until January 1, 1879; that Henry G. Phillips was a clerk in the office of said clerk from January 1, 1876, until January 1, 1879; that at various times between July 3, 1876, and January 5, 1878, said *Casper*, as

such clerk, received divers sums of money, amounting in all to $115.51, being the fees of witnesses in certain criminal cases tried in said court; that said sums of money have never been called for by, or paid to, the witnesses entitled to receive them, or paid over to the city treasurer of the city of Milwaukee; that during the whole period last above named, there was kept in the office of such clerk and used by said *Casper*, Bellinghausen and Phillips, officially in their respective employments, a certain book called a " cash book," in which were and ought to have been entered, from day to day, the receipts and disbursements, by them or either of them, of money officially received or disbursed, including the several sums above mentioned; that during said time there was so kept and used a certain other book and public record of said court, called the book of " witnesses in state cases," in which were and ought to have been entered, from day to day, the names of all witnesses in criminal cases tried in said court, whose fees were paid to the clerk of said court, and opposite the name of every such witness the amount of such fees due him or her, and the fact whether and when said fees had been paid to said witness; that on the 7th of January, 1878, one Julius Meiswinkel became successor to said *Casper* for the term of three years from the first Monday in January, 1878, and took possession of the office and of the books and records thereof, including the two books above mentioned, which said *Casper* turned over to him and left in said office; that *Casper* did not then or at any time turn over or pay to said Meiswinkel the said sums of money or any part thereof; and that on the 1st of February, 1878, said *Casper*, Bellinghausen and Phillips, wickedly intending and devising to disregard the provisions of ch. 370, Laws of 1876, etc., did fraudulently and unlawfully conspire, combine, etc., by carrying said cash book away from said office, and secreting it, and by altering and making false entries in said book of " witnesses in state cases," so as falsely to make it appear that all said sums of money had been paid

to the several witnesses, *to cheat and defraud said city of Milwaukee of said sums of money*, the money of said city.

The second count charges that on the 30th of April, 1878, in pursuance of said conspiracy, etc., *Casper* unlawfully carried away said cash book from said office, Bellinghausen made false entries in the book of "witnesses in state cases" so as to make it appear that all said fees between July 3, 1876, and February 28, 1877, had been paid, and Phillips made like false entries in the same book in respect to fees of witnesses between February 28 and September 28, 1877; and that on said 30th of April, 1878, defendants, in further pursuance of such conspiracy, falsely wrote upon the subpœnas on file in said court, amongst the records and files of criminal causes tried therein between July 3, 1876, and January 5, 1878, words and characters denoting that all witnesses in said causes, whose fees had been received by the clerk of said court, had been paid their fees by said clerk.

The third count charges the defendants, in a somewhat different form, with devising and executing the same conspiracy to cheat and defraud the city of Milwaukee of $115.51; the time laid being April 30, 1878.

The fourth count alleges that the same defendants, devising and intending to defraud the county of Milwaukee of the sum of $100, did, on the 2d of October, 1877, conspire, etc., by omitting to complete the record in a certain criminal cause in said court (stating the title thereof), and by abstracting from the files of said court and carrying away and secreting the judgment roll in said cause, unlawfully to cheat and defraud said county of the sum of $100, which had been paid to *Casper* as such clerk, August 14, 1877, for a fine imposed upon one of the defendants in said cause (naming her); and that these defendants, on said 2d of October, in pursuance of such conspiracy, etc., abstracted from the files of the court said judgment roll and secreted the same, and omitted to complete said record, or to report or pay over said $100 to the city treasurer of Mil-

waukee as required by law, and embezzled and converted the same to their own use.

The defendants, having been duly arraigned, severally pleaded not guilty. On the 20th of May, 1878, Bellinghausen and Phillips having made affidavit of the prejudice of the judge of said municipal court, the cause as to them was removed for trial to the circuit court for Milwaukee county.

On the trial of *Casper* in the municipal court, on the day last named, the court gave the jury eight written instructions requested by the defendant; but refused to give the ninth instruction so requested, which was as follows: "You must be satisfied beyond a reasonable doubt that the witnesses did not receive their fees in the several cases in which they had testified, and authorized no one to receive them, and that no one received them without their authority, and that they were appropriated by the defendant under and by virtue of a conspiracy. If the defendant was obliged by law to pay over the uncalled for witness-fees to the city treasurer, and has neglected to do so, and has marked the same as paid, he may have been guilty of not paying the fees to the several witnesses entitled thereto, but he cannot be guilty of defrauding the city out of the money, because the city treasurer would not be liable to pay any money to the several witnesses entitled to the same, except upon a certificate of the clerk, and the clerk can give no such certificate, for they are marked paid."

After a verdict of guilty, the defendant moved in arrest of judgment, for a want of evidence to support the verdict, and because, the information being for a *conspiracy*, only one of the defendants had been convicted. The motion was denied, as was also one for a new trial; and judgment was rendered on the verdict, to reverse which the defendant took his writ of error.

*James Hickcox*, for plaintiff in error, argued, among other things, 1. That there was no proof of *concert* to support the verdict. 2. That the evidence under the fourth count was in-

sufficient, because no *judgment* of the municipal court had been shown, imposing the fine there mentioned, and there was no fine, and no money to which the county was entitled, in the absence of such a judgment. *Lincoln v. Cross*, 11 Wis., 94; *Wheeler v. Scott*, 3 id., 362; 36 id., 29, 409, 518; 40 id., 28, 545. 3. That the city of Milwaukee was not defrauded by the nonpayment to its treasurer of the fees mentioned in the first three counts, (1) Because the city treasurer was the mere custodian of the money until demanded by the witnesses. (2) Because the money was payable to witnesses only on the certificate of the clerk of the court, and the clerk could give no certificate as to witness fees which were marked "paid." 4. That there could not be separate trials for conspiracy (*Comm. v. Manson*, 2 Ashm., 31; 1 Bish. Crim. Pro., § 1022); and that a conspiracy by two or more persons cannot be established unless two or more persons are found guilty. Whart. Cr. Law, §§ 2339, 2335; *U. S. v. Cole*, 5 McLean, 513, 601; *Reg. v. Thompson*, 71 E. C. L., 832, 842; *Horseman v. Reg.*, 16 Up. Can. Q. B., 543; *Reg. v. Barry*, 4 F. & F., 389; *State v. Trammell*, 2 Ired., 379; 9 Gray, 127; *Comm. v. Judd*, 2 Mass., 329. 5. That although the judge of the court below gave instructions asked for by the accused, yet, as he gave no other instructions, he did not "charge the jury" as required by secs. 2853, 4701, R. S.

For the state, there was a brief by the *Attorney General*, and oral argument by *H. W. Chynoweth*, Assistant Attorney General. They contended, among other things, 1. That on a charge of conspiracy participation of the persons accused at the inception of the design need not be shown, but subsequent participation is sufficient; and that their concurrence or combination need not be proved *directly*, but any coherence of action on a material point, or collocation of independent but coöperative acts by persons closely associated with each other, is sufficient to enable the jury to find the combination. *Comm. v. McClean*, 2 Pars. (Pa.), 368-9; *Street v. The State*, 43

Miss., 2; *State v. Sterling*, 34 Iowa, 443; *State v. Nash*, 7 id., 347; *Rex v. Parsons*, W. Black., 392; *Reg. v. Murphey*, 8 C. & P., 297; *Rex v. Cope*, 1 Strange, 144; *Comm. v. Warren*, 6 Mass., 74; *Comm. v. Crowninshield*, 10 Pick., 497; *State v. Mayberry*, 48 Me., 218; *State v. Wilson,* 30 Conn., 500; *State v. Grady*, 34 id., 118; *Kelley v. People*, 55 N. Y., 576; *People v. Mather*, 4 Wend., 229; *State v. Ross*, 29 Mo., 32; *Green v. The State*, 13 id., 382; *Tompkins v. The State*, 17 Ga., 356; *People v. Brotherton*, 43 Cal., 530; *U. S. v. Cole*, 5 McLean, 513. 2. That there may be separate trials upon an information against several persons for conspiracy. *State v. Buchanan*, 5 Harris & J., 500; *Regina v. Kenrick*, 48 E. C. L., 53-4, and cases there cited; *Rex v. Kinnersley and Moore*, 1 Strange, 193; *King v. Cooke*, 11 E. C. L., 408; *Rex v. Niccolls*, 2 Strange, 1227; *King v. Inhabitants of Oxford*, 13 East (notes), 411; *People v. Olcott*, 2 Johns. Cas., 311; R. S., sec. 4685. They further contended, on the authority of some of the cases last cited, that upon the conviction of one conspirator, judgment might go against him, at least where the others had not been *acquitted*.

Ryan, C. J. There certainly was evidence, upon the trial of the plaintiff in error, tending to support the verdict, and appearing to have satisfied the jury beyond a reasonable doubt. There is no such want or preponderance of evidence against the finding as would warrant this court to set aside the verdict, or to hold that the learned judge of the court below, who heard the evidence and could judge of its credibility better than this court, erred in overruling the motion for a new trial. More it would hardly be proper to say here, as the codefendants of the plaintiff in error are yet to be tried.

The bill of exceptions does not contain the charge of the court below, and the presumption is that the learned judge before whom the case was tried gave correct instructions to the jury, as was his duty, on all questions of law involved in

the issue. *Brabbitts v. Railway Co.*, 38 Wis., 289. The presumption is the stronger in this case because it appears that the charge consisted wholly of instructions drawn by the counsel for the plaintiff in error. The jury should have been told, and the presumption is that they were told, that they could not convict the plaintiff in error unless satisfied of his guilt beyond a reasonable doubt. Therefore is it said that the evidence appears to have satisfied the jury beyond a reasonable doubt.

It appears that all the instructions prayed for the plaintiff in error were given to the jury, except one erroneous proposition presently noticed. It is, however, assigned for error, that the learned judge of the court below failed in his duty to instruct the jury, because he gave no separate instructions of his own. As already seen, the presumption is that the instructions given were full and correct; and when counsel sees fit to draw and submit the entire charge applicable to a case, and it is adopted and given by the court, it is not true in fact that the court fails to charge the jury. Instructions prayed, before given, are the instructions of counsel; when given, are the charge of the court.

The statute requires the clerk of the municipal court to pay periodically, at fixed times, into the treasury of the city, unpaid witnesses' fees received by him. After these fees come into the treasury of the city, they are payable by the city to the witnesses to whom they are primarily due, the city becoming their debtor for the amount. If not reclaimed by the witnesses, the fees remain the money of the city. In the meanwhile the city, from the time they are payable to its treasury, has, to say the least, a special property in them, and could, doubtless, maintain an action against the clerk for them. As against the clerk, therefore, the city might be held to have the general property in them. But a special property is sufficient to support the averment of the information of property in the city. 2 Archbold, 1153–1162.

The instruction prayed by the plaintiff in error, which was not given, was in conflict with this view, and was therefore properly refused.

The plaintiff in error, as clerk of the municipal court, appears to have officially received the fine mentioned in the fourth count of the information, as a fine imposed by the court, and he cannot now be heard to question the validity of the fine or his official duty in respect of it. *Bullwinkel v. Guttenberg*, 17 Wis., 583; *Cairns v. O'Bleness*, 40 Wis., 469.

Although the practice may work inconvenience, and even difficulty, separate trials may be had upon indictment or information for conspiracy. *Thodie's Case*, 1 Ventris, 234; *S. C.*, 3 Keb., 111, 117; *Rex v. Kinnersley*, 1 Strange, 193; *Rex v. Niccolls*, 2 Strange, 1227; *S. C.*, 13 East, 412; *Rex v. Scott*, 3 Burr., 1262; *The King v. Cooke*, 5 Barn. & Cres., 538; *The Queen v. Kenrick*, 5 Adol. & Ellis, 49; *Reg. v. Ahearne*, 6 Cox C. C., 6; *People v. Olcott*, 2 Johns. Cas., 301; *State v. Buchanan*, 5 Harris & J., 317, 500. The only case referred to by counsel, or found, which holds otherwise, is *Commonwealth v. Manson*, 2 Ashmead, 31. The opinion in that case cites no authority against separate trials, and, however respectable, cannot overcome the uniform rule of decision for some two hundred years.

Informations for conspiracy are therefore within sections 4680 and 4685, R. S. The latter section is an anomaly. *Rupp v. Swineford*, 40 Wis., 28. But courts must administer the statute as they find it, and when the venue is changed for some only of the defendants in indictment or information for conspiracy, separate trials must be had. The plaintiff in error was, therefore, properly tried alone in the municipal court.

Several of the English cases cited *supra* hold that where one only is found guilty of conspiracy, his codefendants not being tried, judgment should go against him. When a prisoner is alone indicted for a conspiracy with others unknown, or when he is indicted with others who cannot be taken or

Casper vs. The State.

brought to trial, there appears to be no valid objection to that practice; for the verdict against him is that he was guilty with others who cannot be brought to trial, and there is no presumption in his favor of their innocence. But where several are prosecuted together, taken, and may be brought to trial, for conspiracy, and, their trial being severed, one only has been tried and found guilty, there is manifest impropriety in proceeding to judgment against him before the trial of his codefendants. The verdict against him would raise no presumption against them, and their acquittal would be inconsistent with his conviction, and should operate in law to acquit him also. Judgment against him, in such case, would not only be a cruel injustice, but an absurdity, which the law ought not to sanction; for one only cannot be guilty of conspiracy, and judgment against one, upon acquittal of those charged with him, would be not only a wrong to the person, but a blunder in law.

If this judgment were now to be affirmed, and the codefendants of the plaintiff in error should hereafter be acquitted, both the court below and this court would be apparently powerless to relieve him against the wrong of the judgment. He would apparently have no relief except by pardon, which is always discretionary. Such an administration of the criminal law would be essentially dangerous, and inconsistent with the conclusive presumption of verity of judgments. This court adopts a rule more just and humane in itself, and more in accord with the principles underlying all judicial administration. When several are prosecuted together for crime, which one, or other limited number only, cannot commit, like conspiracy or riot, and are taken and may be brought to trial, and on separate trials verdicts go against a number incapable in law of committing the crime, judgment against those found guilty should be suspended until the number necessary to the crime are convicted. Failing that, those against whom verdicts have been found should be discharged. When verdicts

are found against the number necessary to the crime, then judgment should go against them. If they have been tried in different courts, transcripts of so much of the record as may be necessary to show the verdict in the case of each defendant should be transmitted from one court to the other.

On this ground the judgment here must be reversed as premature; but the verdict will stand pending the prosecution of the other defendants. In the meantime the plaintiff in error should be held in custody, or under recognizance from term to term of the court below, to receive judgment on the verdict.

*By the Court.* — The judgment is reversed, and the record remanded to the court below for further proceedings in accordance with this opinion.