Sherman v. State.

---

## C. A. SHERMAN v. STATE OF NEBRASKA.

### FILED FEBRUARY 17, 1925. No. 24284.

Conspiracy: ACQUITTAL OF COCONSPIRATORS: EFFECT. Upon an in-
formation charging two defendants with conspiracy to commit
a felony, separate trials were granted; the defendant first tried
was convicted, and the second one acquitted. *Held* error to
sentence the defendant first tried, as he was entitled to be dis-
charged upon acquittal of his alleged coconspirator.

ERROR to the district court for Lancaster county: WIL-LARD E. STEWART, JUDGE. *Reversed, with directions.*

*R. J. Greene,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Harry Silverman, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD, THOMPSON and EVANS, JJ., REDICK and SHEPHERD, District Judges.

REDICK, District Judge.

Information was filed against the defendant, Sherman, and one Lowe charging them with the crime of conspiracy to commit a felony, viz., blackmail. Separate trials were demanded and allowed, and, defendant being tried first, was found guilty by the jury and fined, from which judgment of the court he appeals. A number of interesting questions are presented by the record, but we find it necessary to consider but one.

After defendant had been convicted and before sentence, his alleged coconspirator was tried and acquitted, which the record shows was brought to the attention of the district court by motion in arrest of judgment, which was overruled and sentence pronounced.

We have, therefore, a peculiar situation not met with in any of the adjudicated cases of a charge of conspiracy against two persons only, the first of whom tried being convicted and the second acquitted. The judgments of courts of record import absolute verity, but if both these judgments can stand an absurdity is presented, the one asserting the existence of the conspiracy and the other denying it, and thus the judgments are robbed of that sweet aspect of consistency and truth which is one of their most admirable attributes.

We are cited by defendant to a number of cases discussing the subject, one of which, *State v. Tom,* 13 N. Car. 569, contains a very interesting and learned opinion, citing a large number of English authorities, and announcing the

conclusion: "On an indictment for conspiracy against two, the acquittal of one is the acquittal of the other." In that case the trial of the first conspirator resulted in an acquittal, but the reasoning of the court is equally cogent as applied to the present circumstances. In addition to the cases cited by defendant, we have found that of *Casper v. State*, 47 Wis. 535, which holds that, where separate trials are had of persons charged with conspiracy and the first trial results in a conviction, sentence should be suspended until enough convictions are secured to equal the number of persons necessary to the commission of the crime; and that, if the other defendants are acquitted, the one first convicted should be discharged. This seems to be common sense and in consonance with the principles of law. See 8 Cyc. 689, 690. If both conspirators had been tried together and verdict rendered finding one guilty and the other not, it seems perfectly apparent that the court would have no authority to sentence the one and discharge the other.

The judgment of the district court is reversed and cause remanded, with instructions to discharge the prisoner.

REVERSED, WITH DIRECTIONS.