STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
AARON L. SIMON, IRVING SIMON, WILLIAM CONLON,
CHARLES DECKER AND ALBERT DURGETT, PLAIN-
TIFFS IN ERROR.

Argued February 5, 1935—Decided May 17, 1935.

For the State of New Jersey, *James D. Carpenter, Jr.,*
assistant attorney-general.

For the plaintiffs-in-error, *Merritt Lane, Peter J. McGin-
nis, Harry H. Weinberger* and *John E. Selser.*

PER CURIAM.

The judgment under review should be affirmed, for the
reasons expressed in the opinion by Mr. Justice Parker in
the Supreme Court. However, we reserve opinion upon the
question whether, in order to lay the foundation for impeach-
ing a witness by a written statement, the writing containing
such statement must be produced and shown, and also upon
the intimation that such a paper when in the possession of a
party need not be produced upon timely notice but only when
subpœnæd. In the instant case there had been no notice to
produce. The paper was in the possession of the special
attorney-general, but was not in the court room and, so far
as appears, was not in the vicinity of the court room. A
party is not obliged to anticipate the need for, and to have
in court, a paper of the character mentioned without prior

notice to produce. As indicated in the opinion of the Supreme Court the questions asked of the witness were not material toward a contradiction because, however answered, they would not constitute a contradiction of the testimony already given by the witness. So far as the record indicates, the cross-examining counsel did not have information regarding the contents of the papers and was making a flare on the chance that the answers might contain something helpful to defendants. The practice by which a foundation is laid for the contradiction of a witness does not sustain a "fishing" expedition by way of cross-examination. No harm is shown to have come to the defendants by reason of the court's rulings.

*For affirmance*—THE CHANCELLOR, LLOYD, CASE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 11.

*For reversal*—None.