THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. PAUL CHEVENCEK, VINCENT OLINYK, JAMES MULLINS AND DANIEL BURROWS, PLAINTIFFS IN ERROR.

Submitted October 7, 1941—Decided December 17, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and HEHER.

For the defendant in error, *William A. Hegarty,* prosecutor of the pleas.

For the plaintiffs in error, *Edward F. Broderick* (*Luke A. Kiernan, Jr.,* of counsel).

BROGAN, CHIEF JUSTICE. The plaintiffs in error, Chevencek and others, were convicted of conspiracy to commit fornication. The indictment alleges that in furtherance of the conspiracy and to accomplish its object they met with the complaining witness on December 11th, 1937, in Rockaway Township, Morris County.

To the indictment a plea *autrefois acquit* was filed, which alleged that at the same term of court, when the instant indictment was returned, the plaintiffs in error were also indicted for having committed a rape upon the same complaining witness and that on the trial of this indictment they were acquitted. On the issue of whether the prosecution of the indictment in the cause before us constituted the double jeopardy interdicted by our fundamental law (Constitution of the State of New Jersey, article 1, paragraph 10) a jury was impaneled and, after hearing and argument, the court directed a verdict overruling the plea. Pleas of not guilty to the present indictment were then entered. The defendants were tried, convicted and sentenced. The single point on this appeal is that the court erred as a matter of law in ruling against the validity of the plea *autrefois acquit*.

The plaintiffs in error rely on three cases to accomplish a reversal of this judgment—*State* v. *Cooper,* 13 *N. J. L.* 361; *State* v. *Mowser,* 92 *Id.* 474; *State* v. *Cosgrove,* 103 *Id.* 412. In the Cooper case the defendant was indicted for the murder of one Hopper whose death resulted from the unlawful burning of the dwelling of one Smith. A second indictment charged Cooper with arson of the Smith house. Conviction resulted from the trial of the arson indictment. At the next term the indictment for murder was moved. Cooper pleaded the prior conviction. The plea was held good and a bar to the prosecution for murder. This court held that the second trial should not proceed for another offense "growing out of the same identical act and where one is a necessary ingredient in the other." There the common law felony, arson, which caused the death of Hopper was a necessary ingredient of the murder of Hopper by burning.

In the Mowser case the defendant and two others conspired to rob one Richards on the highway. Two of Mowser's con-

spirators waylaid Richards and in the melee he was struck over the head with a piece of pipe and this caused his death. Mowser, with the others, was indicted for the murder of Richards. He pleaded not guilty. Later he was indicted with the others for assault with intent to rob. He entered a plea of guilty to this indictment and thereupon filed a plea of *autrefois convict* to the indictment of murder. Our Court of Errors and Appeals in that case said: "The prime inquiry * * * must be whether or not the murder was the result of the criminal act of accused done in the perpetration of the robbery, to which he had pleaded guilty." The plea in this case was upheld. The prosecution for murder was barred. The logic of the opinion is quite like that in the Cooper case, *supra*—whether or not the offenses stemmed from the same transaction or were the product of a single criminal act.

In the Cosgrove case, too, the plea *autrefois acquit* was held good in an indictment for manslaughter. There the defendant, in operating an automobile, ran down two persons one of whom died. He was tried and acquitted on an indictment for manslaughter and thereafter an indictment, for atrocious assault and battery for the bodily harm done the other pedestrian, was moved. The Court of Errors and Appeals reversed the Supreme Court in this matter and held the plea good on the authority of *State* v. *Cooper, supra; State* v. *Mowser, supra.*

We think that this case is not ruled by the cases just discussed, and that the action of the trial court in rejecting the plea of *autrefois acquit* was correct. A conspiracy to commit fornication and the crime of rape are not necessarily related one to the other and are capable of complete perpetration without any interdependence. They are neither the same act nor did the graver charge necessarily grow out of the lesser. The conspiracy in this case, being an unlawful confederation to do an unlawful act, was completed in the eyes of the law by the slightest overt act towards the accomplishment of the illicit scheme. There was ample evidence of such overt act— apart from the rape. It was not the conspiracy necessarily that resulted in the graver charge on which these same individuals were acquitted. It was not the same act that pro-

duced both crimes. Compare *State* v. *Rosa,* 72 *N. J. L.* 462; *Johnson* v. *State,* 29 *Id.* 453; *State* v. *Simon,* 113 *Id.* 521, and cases cited; *State* v. *Profita,* 114 *Id.* 334. In these cases the principle is established that a conspiracy to commit a crime is an offense, separate and distinct from the crime that has been planned and consummated. If the offenses be distinct at law it is immaterial that they may be close·in point of time. Here the graver offense neither included nor comprehended the charge in the instant indictment. The rule is well stated in 22 *C. J. S.* 432 *et seq.,* § 228—"Where a conspiracy to commit a crime is a substantive offense, as is generally the case, neither an acquittal nor a conviction of a conspiracy to commit a crime is a bar to a prosecution for the commission of that crime, or for aiding and abetting another to commit it, although as to the latter there is authority to the contrary. For the same reason a prior prosecution, whether it results in an acquittal or whether such prior prosecution results in a conviction of a particular crime, is ordinarily no bar to a prosecution for a conspiracy to commit the same. *A fortiori* a prosecution for conspiring to commit a crime is no bar to a prosecution for the commission of a distinct offense, \* \* \*."

The judgment under review will be affirmed.