32 N.J. Super. 258 (1954)
108 A.2d 204
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HAROLD McFADDEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 27, 1954.
Decided September 30, 1954.
*259 Mr. Mario H. Volpe, Mercer County Prosecutor (Mr. Frank H. Lawton, First Assistant Prosecutor, and Mr. Frederick M. English, Assistant Prosecutor, on the brief), attorney for the State.
Mr. Harold McFadden, pro se.
The opinion of the court was delivered by GOLDMANN, J.A.D.
The September 1951 term of the Mercer County grand jury returned two indictments against defendant: (1) No. 13, charging him and another with unlawful possession of certain narcotic drugs, in violation of R.S. 24:18-4, and (2) No. 14, charging him with unlawfully carrying a concealed weapon, contrary to R.S. 2:176-41 (now N.J.S. 2A:151-41). Having pleaded not guilty to both, he subsequently on November 9, 1951 retracted the pleas and entered pleas of non vult. On November 30, 1951 the County Court judge sentenced defendant to State Prison for 4 1/2 to 5 years on indictment No. 13 and for 1 1/2 to 2 years on indictment No. 14, the sentences to run consecutively.
The proceedings here are highly irregular and not to be countenanced. Defendant's "brief" bears on its cover sheet the caption "On Appeal From Criminal Action of Mercer County Court." Then follows a sheet entitled "Motion to Correct Illegal Sentence `MERGER.'" Defendant has filed *260 no appendix, as required by R.R. 1:7-1 and 2; instead he presents us with the by now familiar excuse of being "unlearned in law." This stereotyped explanation comes before this court with monotonous regularity, and in most cases without convincing ring. It closes many a lengthy and by no means unlearned brief, studded with numerous and surprisingly current citations. The rules make no exception in favor of an imprisoned appellant; like every other appellant, he has the duty of providing the appellate court with an informative appendix. He may not rely  as so often happens, and as is the case here  upon the State supplying the necessary record.
Viewed as an appeal from the County Court proceedings of 1951, defendant is entirely out of time. If, on the other hand, we consider his appeal to be from that court's denial of his application to correct an illegal sentence, there is no proof whatsoever that he at any time made such an application pursuant to R.R. 3:7-13, a rule with which defendant is undoubtedly familiar. Such an application is a necessary first step. Unsuccessful at that stage, a prisoner may then appeal here.
We could very well, without more, dismiss this "appeal." However, we will answer defendant's contention forthwith in the interest of conserving judicial time.
Defendant claims that his constitutional rights have been invaded; that the lesser of his two crimes merged with the greater; that (spelling out his argument for him) the consecutive sentences constitute double punishment for crimes growing out of the same act, and he has therefore been subjected to double jeopardy. That question, as we have observed, should have been raised on appeal timely taken, and not almost three years later under the guise of an application for correction of sentence.
However, the crimes to which defendant pleaded non vult are clearly distinct. The argument of merger has no pertinence here. Unless it appears that the offenses charged stem from the same act, the lesser offense does not merge in the greater. 1 Burdick on Crimes (1946), § 85, *261 pp. 83ff. The very case cited by defendant so holds. Johnson v. State, 26 N.J.L. 313, 324 (Sup. Ct. 1857), affirmed 29 N.J.L. 453, 454 (E. & A. 1861).
Nor does State v. Cooper, 13 N.J.L. 361 (Sup. Ct. 1833), on which he heavily relies, come to his aid, whether one speaks in terms of merger or double jeopardy. Here the act of possessing narcotic drugs gave rise to one criminal charge, and the act of carrying a concealed weapon resulted in the other. The acts were separate and distinct; there was not the same identical act of which the Cooper case speaks. The double jeopardy test laid down in that case  whether acquittal of one offense would show that the defendant could not have been guilty of the other  is obviously without application in the instant matter.
The mere fact that defendant, when apprehended, was found to possess narcotic drugs and also to be carrying a concealed weapon does not fuse the two offenses into one crime. "If the offenses be distinct at law it is immaterial that they may be close in point of time." State v. Chevencek, 127 N.J.L. 476, 479 (Sup. Ct. 1941).
Appeal dismissed.