32 N.J. Super. 435 (1954)
108 A.2d 641
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LACY OATS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 4, 1954.
Decided October 21, 1954.
*438 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. J. Bernard Saltzman argued the cause for plaintiff-respondent (Mr. Donald G. Collester, attorney).
Mr. Joseph Butt argued the cause for defendant-appellant.
The opinion of the court was delivered by CLAPP, S.J.A.D.
Defendant, Lacy Oats, appeals from a refusal to set aside a judgment of conviction entered on an indictment for conspiracy. He raises three questions: whether there was a merger between this indictment, by which he and Daniel York are charged with a conspiracy for the sale of narcotics, and another indictment against Oats alone for the actual sale of heroin; whether Oats was put in double jeopardy by the two indictments; and whether the acquittal of York of the above-mentioned charge of conspiracy, subsequent to a plea of non vult entered by Oats to that charge, calls for the vacation of the judgment thereon against Oats.
The conspiracy indictment, after charging Oats and York generally with a conspiracy for the sale of narcotics, contained an allegation that in furtherance of that conspiracy Oats was urged by York to make a sale to Alton Brooks of heroin and thereupon made the sale September 2, 1952. The other indictment also charged Oats with the sale to Brooks that day.
Other circumstances, apparently undisputed, are set out in the briefs. On April 23, 1953 Oats retracted a plea of not guilty to these two indictments and to two indictments for the sale of narcotics to other persons and entered a plea of non vult to the four indictments. On the same day York went on trial alone upon the indictment for conspiracy and on April 29 was acquitted by a jury. Oats was sentenced *439 May 15 on the four indictments, receiving consecutive sentences thereon.
On April 1, 1954, ten and a half months later, Oats made the motion, out of which this appeal arises, seeking to have set aside the judgment on the conspiracy indictment. At the oral argument before us his counsel asked us to treat the motion as an application for a writ of habeas corpus. But Oats is now serving a term of imprisonment imposed by another judgment. One can invoke that writ only to attack the judgment by which he is presently confined. In re Kershner, 9 N.J. 471, 474 (1952); Jablonowski v. State, 29 N.J. Super. 109, 114 (App. Div. 1953).
Without stopping to discuss the various proceedings and motions (of which nothing is said in the briefs) by which a judgment of conviction may be set aside, we may say we are satisfied that there is no basis for redress here except under R.R. 3:7-10(a). That rule, after first stating in terms admitting of no exception, that a plea of guilty or non vult may be withdrawn only before sentence or before the suspension of sentence, then opens up one means of grace, thus:
"* * * but to correct manifest injustice, the court, after sentence, may set aside the judgment of conviction and permit the defendant to withdraw his plea as provided by law."
What is meant by the phrase "as provided by law" is not clear to us. Cf. N.J.S.A. 2:190-16, repealed L. 1951, c. 344; State v. Tolla, 73 N.J.L. 249 (Sup. Ct. 1906). At any event, a motion under this rule is addressed to the discretion of the court. State v. Pometti, 12 N.J. 446 (1953).
We come then to the first of the meritorious questions. The indictment for the offense of conspiracy did not in this case merge into the indictment for the substantive offense. Pinkerton v. United States, 328 U.S. 640, 643, 66 S.Ct. 1180, 90 L.Ed. 1489 (1945); State v. Simon, 113 N.J.L. 521, 525 (Sup. Ct. 1934), affirmed 115 N.J.L. 207 (E. & A. 1935); Johnson v. State, 29 N.J.L. 453 (E. & A. 1861); *440 37 A.L.R. 778; 75 A.L.R. 1411. The two offenses are separate and distinct, State v. Chevencek, 127 N.J.L. 476 (Sup. Ct. 1941), and, we may deduce, are therefore both punishable. American Tobacco Co. v. United States, 328 U.S. 781, 788, 66 S.Ct. 1125, 90 L.Ed. 1575 (1946); Pinkerton v. United States, 328 U.S. 640, 644, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), supra.
But this deduction, that both offenses may be punished, is not a mere tour de force in logic. A conspiracy may itself be an evil, apart from the substantive offense  and at times even a graver evil, for in the schooling of the conspirators, the conspiracy may lead to other substantive offenses of a like sort and perhaps to habitual practices. United States v. Rabinowich, 238 U.S. 78, 88, 35 S.Ct. 682, 59 L.Ed. 1211 (1915). Further see Dennis v. United States, 341 U.S. 494, 573, 71 S.Ct. 857, 95 L.Ed. 1137 (1951); State v. Carbone, 10 N.J. 329, 337 (1952); State v. Nugent, 77 N.J.L. 84, 88 (Sup. Ct. 1908). It has been observed that to prosecute for the conspiracy in addition to the substantive offense, or in lieu of it, may sometimes give rise to a serious injustice. Krulewitch v. United States, 336 U.S. 440, 445, 69 S.Ct. 716, 93 L.Ed. 790 (1949). However, here  having in view the nefariousness of the narcotic traffic, cf. Ben Ali v. Towe, 30 N.J. Super. 19, 24 (App. Div. 1954)  we cannot say that both prosecutions were not warranted. There is no manifest injustice here.
The second question is without any merit. The plea of double jeopardy would be no bar in this case even if there had been first a conviction for the conspiracy or the substantive offense and then the plea had been duly interposed to an indictment for the other offense. State v. Chevencek, 127 N.J.L. 476 (Sup. Ct. 1941), supra; Pinkerton v. United States, 328 U.S. 640, 643, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), supra; Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358 (1954).
However, the third question is more troublesome. Where one conspirator pleads guilty or through a plea of non vult admits the indictment for the purposes of the case (State *441 v. Pometti, 12 N.J. 446, 453 (1953), supra), or where he is convicted at a separate trial, then if the other conspirator is acquitted at his own trial, should a judgment against the first conspirator be vacated?
It has been urged on the one hand that the acquittal of the second conspirator should not be taken to establish the innocence of the first conspirator after he has admitted a conspiracy on the part of both of them or has been convicted of participating in a joint conspiracy; in other words, the first conspirator should not be given an opportunity to escape punishment because of a failure of proof or some other circumstances in another case in which he may not even testify. For further arguments, see Platt v. State, 143 Neb. 131, 8 N.W.2d 849 (Sup. Ct. 1943), expressly overruling Sherman v. State, 113 Neb. 173, 202 N.W. 413 (Sup. Ct. 1925); 16 Harv. L. Rev. 142 (1902); 37 Ill. L. Rev. 370 (1943); cf. United States v. Austin-Bagley Corporation, 31 F.2d 229 (C.C.A. 2, 1929).
On the contrary, the weight of authority seems to give to the first conspirator the benefit of the doubt created by the acquittal of the second conspirator. See Rex v. Plummer (1902) 2 K.B. 339 (Crown Cases Reserved), but see at p. 350 (a "technical" matter to a certain extent); People v. Levy, 299 Ill. App. 453, 20 N.E.2d 171 (App. Ct. 1939); State v. Tom, 13 N.C. 569 (Sup. Ct. 1830); Casper v. State, 47 Wis. 535, 2 N.W. 1117 (Sup. Ct. 1879). Cf. such cases as Gebardi v. United States, 287 U.S. 112, 123, 53 S.Ct. 35, 77 L.Ed. 206 (1932). See in general 72 A.L.R. 1186, 97 A.L.R. 1312.
We do not think we need to decide the question or pursue it further here. The matter is "arguable." Cf. People v. Kuland, 266 N.Y. 1, 193 N.E. 439 (Ct. App. 1934), and authorities cited. The analysis we have made of the arguments pro and con is sufficient to make it appear, we think, upon any view of the matter that the considerations in the balance are not of such a nature as to render the judgment against Oats a shocking violation of fundamental concepts of justice. There was, then, no impingement upon *442 standards of due process. Cf. Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).
The issue with which we must deal is whether or not there was a "manifest injustice" here within the intendment of R.R. 3:7-10(a). We are inclined to the view that, after sentence, a plea of guilty or non vult may be withdrawn and relief given only for such infirmities in the judgment of conviction as would require the court to vacate it in a habeas corpus proceeding. Cf. Birtch v. United States, 164 F.2d 880 (C.C.A. 4 1947); Keto v. United States, 189 F.2d 247 (C.A. 8 1951). Upon this view, however, in a proceeding under the rule, unlike a habeas corpus proceeding, the judgment may be attacked because of such an infirmity, even though the defendant is not confined under a sentence imposed thereby. Compare the fact situation in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247 (1954).
But we are not called upon to state precisely what constitutes a "manifest injustice." Here not only was there no denial of due process, but Oats concededly was represented by counsel at the time of the plea and on the sentencing. Incidentally, the question now presented by York's acquittal shows up on the very record. Besides, speaking broadly  subject, that is, to exceptions such as that arising where a motion is made for a new trial because of newly discovered evidence, R.R. 3:7-11, or where there has been a denial of due process, State v. Cynkowski, 10 N.J. 571, 577 (1952)  we may say that the policy of the law is to limit very sharply the time for the review or the setting aside of criminal judgments. Cf. R.R. 1:3-1 (a); 3:7-11; 3:7-12. We think it may be said without further demonstration that the standard "manifest injustice" was not intended to provide Oats with an opportunity to litigate under these circumstances a question such as that presented by York's acquittal (cf. United States v. Fox, 130 F.2d 56 (C.C.A. 3, 1942)).
Affirmed.