**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Obie Diah STROTHER, Defendant-
Appellant.**

**No. 29363.**

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 1970.

Obie Diah Strother, pro se; Walter J. Phillips, Bay St. Louis, Miss., court-appointed, for defendant-appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before BELL, THORNBERRY and CLARK, Circuit Judges.

PER CURIAM:

On September 25, 1963, Obie Diah Strother pleaded guilty to conspiring to rob a federally insured bank in violation of 18 U.S.C. § 371, robbing a federally insured bank in violation of 18 U.S.C. § 2113, transporting a stolen vehicle in interstate commerce in violation of 18 U. S.C. § 2312 and concealing that same vehicle in violation of 18 U.S.C. § 2313. The district court imposed consecutive sentences of three years for the § 371 offense, twelve years for the § 2113 offense, two years for the § 2312 offense and two years for the § 2313 offense. After his co-defendant, John James Szoyka, Jr., was acquitted on January 16, 1964 of the conspiracy and robbery charges, Strother filed a petition for writ of error coram nobis attacking the validity of his conspiracy sentence and a motion to withdraw his guilty plea to the § 2313 charge. Both the petition and the motion were denied by the district court on May 29, 1967, and Strother unsuccessfully appealed the denial of the motion to this Court.[1] On November 14, 1969, Strother filed an amended petition for writ of error coram nobis, and from the district court's denial of the petition without an evidentiary hearing he takes this appeal.

Strother contends that the acquittal of Szoyka, the only alleged co-conspirator, rendered his own conspiracy conviction void as a matter of law; that his guilty plea to the conspiracy charge was not tendered with an understanding of the nature of the charge; and that his guilty plea to concealment of the motor vehicle was not entered with an understanding of the consequences of the plea. Because we remand for an evidentiary hearing on appellant's second and third allegations, we do not reach his first contention.

In his petition to the district court Strother alleged that his court-appointed attorney did not explain to him the substance of the conspiracy offense and that the attorney and the court permitted him to plead guilty to the charge even though he told them that Szoyka, the only alleged co-conspirator, had in no way been involved in the robbery. In addition, appellant alleged that neither his attorney nor the court explained to him the consequences of pleading guilty to the § 2313 charge, and that he thus entered that plea without understanding that it constituted a punishable offense separate from the § 2312 offense. In support of this latter allegation appellant points to a conversation in open court between his attorney and the trial judge in which the attorney admitted he had not "gone into the details" of the §§ 2312 and 2313 charges with Strother.

It is elementary that, to be valid, waivers of constitutional rights, including the right to trial before a

1. Strother v. United States, 5th Cir. 1967, 387 F.2d 385, certiorari denied, 391 U.S. 971, 88 S.Ct. 2038, 20 L.Ed.2d 886 (1968). Strother contended that transporting a stolen motor vehicle in interstate commerce and concealing that same vehicle constituted but one offense, and that conviction on both counts amounted to double jeopardy in violation of the fifth amendment. We rejected the contention on the authority of Woody v. United States, 6th Cir. 1957, 258 F.2d 535, affirmed 359 U.S. 118, 79 S.Ct. 721, 3 L.Ed.2d 673, rehearing denied, 359 U.S. 985, 79 S.Ct. 939, 3 L.Ed.2d 934.

judge or a jury, "* * * must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."[2] Moreover, as we stated in an earlier coram nobis proceeding, "* * * courts have a solemn duty to ferret the [petitioner's] allegations for symptoms of constitutional infirmities. * * * It is only where the files and records show that a petitioner is entitled to no relief that a hearing can be denied."[3]   The petition and documents before us do not convince us that Strother's claims are fatuous or groundless.  He is entitled to a meaningful hearing with findings based on evidence.

Remanded with directions to hold a hearing at which petitioner is present.

2.  Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970).  *See, e.g.,* Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966) ; Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942) ;  Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1968).

3.  Lujan v. United States, 5th Cir. 1970, 424 F.2d 1053, 1055.  *See* United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).