UNITED STATES of America,
Plaintiff-Appellee,

v.

Obie Diah STROTHER, Defendant-Appellant.

No. 71-1416.

United States Court of Appeals,
Fifth Circuit.

April 14, 1972.

Rehearing and Rehearing En Banc
Denied June 1, 1972.

James C. Bonner, Jr., Staff Atty., Legal Assistance for Inmates Program (Court Appointed) Emory University School of Law, Atlanta, Ga., for defendant-appellant.

E. Donald Strange, Asst. U. S. Atty., Robert E. Hauberg, U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

On September 25, 1963, Obie Diah Strother pleaded guilty to the indictment in Criminal No. 5131, to charges of conspiring to rob a federally insured bank in violation of Title 18, U.S.C., Section 371, and robbing said federally insured bank in violation of Title 18, U. S.C., Section 2113(e). He further entered guilty pleas to each count of the indictment in Criminal No. 5133, charging transportation of a stolen vehicle in interstate commerce with knowledge that it was stolen in violation of Title 18, U.S.C., Section 2312 and concealment of that same vehicle in violation of Title 18, U.S.C., Section 2313.[1] The district court imposed consecutive confinement sentences of three years for conspiracy and twelve years for the bank robbery offense, two years for the Section 2312 offense and two years for the Section 2313 offense, a commitment to prison totaling twenty-one years.

After his single co-defendant, John James Szoyka, Jr., was acquitted on January 16, 1964, of the conspiracy and bank robbery charges, Strother filed a petition for writ of error coram nobis attacking the validity of his conspiracy sentence and a motion to withdraw his guilty plea to the Section 2313(e) charge. Both the petition and the motion were denied by the district court on May 29, 1967. Strother unsuccessfully appealed the denial of the motion to withdraw his guilty plea to this Court. Strother v. United States, 5 Cir. 1967, 387 F.2d 385, cert. denied 1968, 391 U.S. 971, 88 S.Ct. 2038, 20 L.Ed.2d 886. In affirming the denial of Strother's motion to withdraw his guilty plea to the concealment charge, we held it was not double jeopardy in violation of the Fifth Amendment for the government to have charged him with both transporting in interstate commerce and concealing the same vehicle, citing Woody v. United States, 6 Cir. 1957, 258 F.2d 535.

On November 14, 1969, Strother filed an amended petition for writ of error coram nobis[2] in which he alleged: (1)

---

1. A third indictment, not here involved, Criminal No. 5132, was in three counts, and charged Strother with the unlawful interstate transportation of three different stolen Chevrolet automobiles. He pleaded guilty to all three counts.

2. Treated by the district court as a motion to vacate sentence under Title 28, U.S.C., Section 2255.

that the acquittal of Szoyka, the only alleged co-conspirator, rendered his own conspiracy conviction void as a matter of law; (2) that his guilty plea to the conspiracy charge was not tendered with an understanding of the nature of the charge; and (3) that his guilty plea to concealment of the motor vehicle was not entered with an understanding of the consequences of the plea. The district court denied the petition without an evidentiary hearing.

On appeal, we reversed and remanded for an evidentiary hearing, expressly reserving decision on the effect of Szoyka's subsequent acquittal on the validity of Strother's conspiracy conviction. United States v. Strother, 5 Cir. 1970, 434 F.2d 1292. Pursuant to our mandate, the district court conducted an evidentiary hearing with respect to Strother's second and third contentions. Following the hearing, the district court once again, on February 2, 1971, denied Strother's motion to vacate sentence. After examination and consideration of the record, transcript of the proceedings below, the district court's findings of fact and conclusions of law, and the appellate briefs of the parties, we affirm.

*The Effect of Szoyka's Subsequent Acquittal.*

In Rosecrans v. United States, 5 Cir. 1967, 378 F.2d 561, this Court affirmed the denial of a motion under Title 28, U.S.C., Section 2255, filed by an individual whose guilty plea to conspiring to violate the civil rights of black citizens of Duval County, Florida, was followed by the acquittal of all five named co-defendants. The indictment to which Rosecrans plead guilty, in addition to naming six co-conspirators, referred to co-conspirators whose identities were unknown to the grand jury. We held that the subsequent acquittal of the five named co-conspirators did not undermine the validity of Rosecrans' guilty plea:

"A plea of guilty is not a mere admission or extrajudicial confession of guilt, but it is a conviction, and is as conclusive as the verdict of a jury.

"The subsequent acquittal of Rosecrans' five codefendants does not constitute a refutation of Rosecrans' guilt, which he solemnly admitted by his plea of guilty. Such acquittal may have been the result of the failure of the United States to produce evidence at the trials satisfying the jury of the codefendants' guilt beyond a reasonable doubt, or because of other reasons." (378 F.2d at 567)

Although our decision in *Rosecrans,* supra, is factually distinguishable from the situation now before us in that Szoyka was the only additional individual named as a co-conspirator in the indictment to which Strother pleaded guilty, and no reference is made to unnamed co-conspirators "whose identity is to the grand jurors unknown", we believe that the rationale of *Rosecrans* is controlling. The fact that the United States was unsuccessful in its effort to convict Szoyka of the offenses of bank robbery and conspiracy does not vitiate the validity of Strother's guilty plea to the conspiracy count. Szoyka's acquittal could have resulted from a multiplicity of factors completely unrelated to the actual existence of a conspiracy. Accordingly, we reject Strother's first attack upon his conviction for conspiracy to commit bank robbery.[3]

---

3. We distinguish the line of cases, such as Lubin v. United States, 9 Cir. 1963, 313 F.2d 419, and Romontio v. United States, 10 Cir. 1968, 400 F.2d 618, which may appear to conflict with our holding. While such cases hold that where a specific number of persons are charged with a conspiracy and all but one are acquitted, all are in the eyes of the law acquitted because a conspiracy requires some plan between two or more persons, in none of those cases did the defendant plead guilty. Rather, he faced trial as the sole remaining defendant charged with conspiracy. We emphasize the time-honored rubric that a plea of guilty is a judicial admission of the truth of the factual allegations of the indictment. Therefore a person represented by competent counsel who pleads guilty and is sentenced, as oc-

*The Guilty Plea to the Conspiracy Charge.*

On the date of his arraignment, Strother asked for and received appointed counsel. Two attorneys were designated to represent him, one of whom had been in the practice of criminal law for several years. The other had entered law practice after serving as a special agent of the Federal Bureau of Investigation for twenty-five years. Strother was reluctant to plead guilty to the charge of conspiracy to commit bank robbery because of his concern for its effect upon the chances of his co-defendant, Szoyka. Although Strother strenuously contended that Szoyka had had nothing to do with the robbery of the Hancock Bank at Mississippi City, the United States Attorney refused to accept a guilty plea to the bank robbery count without a guilty plea to the conspiracy count. After negotiations with the United States Attorney proved unavailing and after the district judge refused to involve himself, Strother appeared before the district judge in the company of his counsel that same day. After an extensive inquiry by the Court into the voluntariness of the proposed plea, Strother pleaded guilty to both the conspiracy and robbery counts. The colloquy between the Court, Strother, and appointed defense counsel regarding the guilty plea to the conspiracy and robbery charges is set forth in the margin.[4]

curred with Strother, should not thereafter be permitted to repudiate his solemn admission of guilt. Rather, he should be bound thereby. See the holding in a similar situation, in State v. Oats, (App. Div.1954) 32 N.J.Super. 435, 108 A.2d 641, 645; and see further, United States v. Fox, 3 Cir. 1942, 130 F.2d 56, where leave to withdraw a guilty plea was denied the remaining defendant after the charges against several co-conspirators were *nolle prossed.* *Fox* may be said to represent, if anything, an *a fortiori* situation, at least to the extent that the *nolle prosequi* is viewed as a governmental admission of inability to prove a case against anyone other than the defendant who has plead guilty. The Third Circuit characterized the situation as one where neither the guilt or innocence of the fellow defendants has been determined through litigation.

4. "BY THE COURT:
   All right. You may read the indictment to him.
BY MR. WILLIAMSON:
   Judge, Mr. Strother is familiar with the charges and counts of the indictment and we would like to waive the reading of the indictment and of course he wants to enter a plea of guilty to all counts of the various indictments that are here considered.
BY THE COURT:
   Mr. Strother, you have seen this indictment and have read it and are familiar with it?
BY OBIE DIAH STROTHER:
   Yes sir.
BY THE COURT:
   Is that your wish that the indictment not be read to you and that you enter a plea of guilty without having the indictment read to you on these counts?
BY OBIE DIAH STROTHER:
   Yes sir.
BY THE COURT:
   You understand the seriousness of the charges in all these counts do you sir?
BY OBIE DIAH STROTHER:
   Yes sir.
BY THE COURT:
   Has anybody offered you any inducement to plead guilty to any or all of these counts?
BY OBIE DIAH STROTHER:
   No sir.
BY MR. WILLIAMSON:
   Judge, so far as we have been able to understand there has been no promises made whatsoever to him.
BY THE COURT:
   I believe you understand something as simple as I am asking you. I want to know if anybody has caused you to want to plead guilty to something so serious as this or has somebody done or said something to make your plea other than completely voluntary?
BY OBIE DIAH STROTHER:
   No sir.
BY THE COURT:
   In other words you knowingly and understandingly wish to enter a plea of guilty to all of the counts?
BY OBIE DIAH STROTHER:
   Yes sir.
BY THE COURT:
   How many of them are there?
BY MR. STRANGE (Assistant U. S. Attorney):
   Two counts, Your Honor.

At the time of Strother's indictment and guilty pleas, Rule 11, Federal Rules of Criminal Procedure, read, in pertinent part:

" . . . The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge . . . "

In 1966, Rule 11 was amended to require the district judge to address the defendant personally to determine if the plea was made voluntarily with understanding of the nature of the charge and of the consequences of the plea. The Supreme Court, in McCarthy v. United States, 1969, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, held that the failure of the district judge to comply with Rule 11, as amended, constituted reversible error, thereby entitling a defendant to withdraw his guilty plea and to enter a new plea. Subsequently, the Court ruled that the *McCarthy* doctrine would be held inapplicable to guilty pleas accepted prior to April 2, 1969, the date of its *McCarthy* decision. Halliday v. United States, 1969, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16.

■ We hold that the trial judge who accepted the guilty pleas tendered by Strother in 1963 (the same judge who has denied Strother's subsequent petitions on motions for post-conviction relief) prior to accepting the pleas more than adequately complied with the Rule 11 procedural requirements then in effect.

We find without legal significance the fact that Strother initially resisted entering a guilty plea to the conspiracy charge because he did not want to place his co-defendant in jeopardy.

In Brady v. United States, 1970, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, the Court held that where the defendant was advised by competent counsel and tendered his plea of guilty after his co-defendant, who had already given a confession, decided to plead guilty and thereby became available to testify against the defendant, the defendant's plea of guilty was not rendered involuntary because of a possible fear of the death penalty if the case were tried to a jury. It was held in North Carolina v. Alford, 1970, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, that a plea of guilty to the offense of second degree murder was not compelled within the meaning of the Fifth Amendment merely because the plea was entered to avoid the possibility of the death penalty. The Court additionally ruled that the defendant's claim of innocence did not bar the trial court from properly accepting the guilty plea where the state's first degree murder case was strong and the defendant was represented by competent counsel. In Strother's case, the United States Attorney refused to permit him to plead guilty to the robbery charge alone because he did not want to undermine the government's case against Szoyka. With the assistance and advice of competent and experienced counsel, Strother elected to tender a guilty plea to the conspiracy count. No reason in law is apparent to us which would permit him at this time to withdraw that plea and to escape its consequences.

BY THE COURT:
  Two counts and you wish to enter that plea of guilty under those circumstances?
BY OBIE DIAH STROTHER:
  Yes sir.
BY THE COURT:
  All right. You say he has waived venue?
BY MR. STRANGE:
  Yes sir, Your Honor.

BY THE COURT:
  All right. All right, on your plea of guilty on count one and two of this indictment I adjudge you, Obie Diah Strother, to be guilty of the charges contained in count one and count two of this indictment and I will defer sentence to await receipt of a presentence report and I understand that that will take some little time."

*The Guilty Plea to the Concealment Charge.*

Strother argues that his plea of guilty to the concealment count under Criminal No. 5133 should be set aside because at the time he tendered his plea he did not know that the offense of concealment was one separate and distinct from the transportation offense and that he could be given consecutive prison sentences for the two crimes. The transcript of the proceedings in the trial court in 1963 reveals that the matter of penalties was not brought to the attention of the defendant by the presiding judge.[5]

5. "BY MR. STRANGE:

May it please the Court, the next case that government has is against Obie Diah Strother. It is an indictment from the Western District of Tennessee charging him with the interstate transportation of a stolen motor vehicle and the concealing of a stolen motor vehicle. The defendant has previously executed a consent to have the matter transferred here pursuant to Rule 20. He has been furnished a copy of the indictment and Mr. Leslie Williamson and Mr. Tom Hendricks have been appointed to represent him.

BY THE COURT:

Mr. Williamson, you and Mr. Hendricks completed your counselling with Mr. Strother on this indictment?

BY MR. WILLIAMSON:

Yes, Your Honor.

BY THE COURT:

You have explained to him all of his rights, that is that he is entitled to have this matter tried in Tennessee but can get it tried down here if he wishes to plead guilty to it?

BY MR. WILLIAMSON:

He is familiar with the charges and is familiar with the fact that he could be tried in Tennessee but he expressed the desire that he wanted to he thought it was his personal best interest to go ahead and dispose of it at this time in this court with a plea of guilty.

BY THE COURT:

I don't knowingly let anybody plead guilty that's not guilty and I just don't want him to be under any pressure at any time in this Court to feel compelled to plead guilty of anything that he is not actually guilty of and if I know of any circumstances in doubt I wouldn't accept a plea of guilty.

BY MR. WILLIAMSON:

Well, I must confess to the Court I have discussed these cases with him that I didn't go into great detail on the two charges in Tennessee and if he has any statements about that I would like for him to make them to the Court.

BY THE COURT:

Of course the only way we can take a Rule 20 case is where he has already determined to plead guilty and if he pleads not guilty I have to send it back to Tennessee.

BY MR. WILLIAMSON:

Well, he told me he wanted to plead guilty but I didn't go into the facts of the case enough to I didn't discuss that in the light of these other charges enough to determine myself whether, I don't know what the government's proof may be.

BY THE COURT:

You want some more time to confer with him on that?

BY MR. WILLIAMSON:

Maybe I should but I think, Your Honor, he is familiar with the cases and he knows the charges against him and he wanted to enter a plea of guilty but I haven't gone into the details of those two particular offenses as I did in the other charges here.

BY THE COURT:

Mr. Strother, do you want further time to confer with your counsel about this Rule 20 case?

BY OBIE DIAH STROTHER:

Would this be at the time that I come back for sentencing on the other could I defer my plea until that time which would give me time and not hold up the Court and not hold him up, he has been over here a couple of hours already, I hate to hold him up and I hate to bother the Court, but if that would be too much I will just enter a plea of guilty now.

BY THE COURT:

Well, again as I say I don't want to compel you to do anything you don't voluntarily and understandingly and knowingly want to do.

BY OBIE DIAH STROTHER:

I will enter a plea of guilty.

BY THE COURT:

If you want some further time to confer with a lawyer you have two mighty good ones here representing you and you are certainly entitled to that and I will certainly accord you that right and you are not wasting my time the least bit in the world. If you want to talk to them this afternoon I will let

It was brought out during the course of the evidentiary hearing in the court below that Strother was born on September 24, 1918. He has an intelligence quotient (I.Q.) of 133 and has completed two years of college work at a university in Louisiana. At one point, he held a commission as a Second Lieutenant in the United States Army. Prior to his 1963 convictions, Strother had been twice convicted for unlawful interstate stolen automobile transportation offenses and had served four years in prison therefor. The lower court found:

"As to all counts in all indictments, this court finds as a fact that Obie Diah Strother in connection with his pleas of guilty of said indictments was perfectly oriented and was sane and competent in every sense of the word to advise and counsel with his lawyers, and to make a perfectly rational and intelligent decision as to his alternatives in pleading to these indictments. The court finds that Strother is a very intelligent and court wise petitioner with wide experience before the federal criminal courts, and he not only proved, but demonstrated to this court his ability to handle himself professionally before this court on arraignment by waiving the reading of each of the three indictments, and by conferring with his lawyers and even suggesting to his lawyers courses of dealing with the court to his possible advantage. Strother well understood the serious and far-reaching consequences of each of the seven counts in the three indictments against him, and he knowingly and voluntarily and completely rationally pled guilty to each count of each of the three indictments against him in this case, all on the advice of his well qualified and experienced attorneys".

■■ As we have noted, supra, the district court treated Strother's petition for writ of error coram nobis as a motion to vacate sentence under Title 28, U.S.C., Section 2255. The findings of fact of the lower court are binding upon us unless they are shown to be clearly erroneous. Martin v. United States, 5 Cir. 1968, 399 F.2d 708. The district court found that Strother tendered his plea of guilty to the concealment count with a full understanding of the nature and consequences of the charge. In our opinion, that finding has not been shown to be clearly erroneous and will not be disturbed on this appeal. In 1963 the arraignment judge was not required by Rule 11 to address the defendant personally and determine whether or not the defendant understood the consequences of his plea. In light of the findings of the district judge (made after an evidentiary hearing with opportunity to observe the petitioner), his 1963 failure to engage the defendant in a discussion on that point prior to accepting a plea of guilty to the concealment charge does not afford a basis for setting aside the

you do that and come back later during the day.
BY OBIE DIAH STROTHER:
  I will enter a plea of guilty.
BY THE COURT:
  Sir?
BY OBIE DIAH STROTHER:
  I will enter a plea of guilty.
BY THE COURT:
  You do that voluntarily now?
BY OBIE DIAH STROTHER:
  Yes sir."

    \*    \*    \*    \*    \*

"BY THE COURT:
  Your counsel said that you thought you wanted to waive the reading of the indictment and you wished to enter a plea of guilty. Is that your wish?

BY OBIE DIAH STROTHER:
  Yes sir.
BY THE COURT:
  All right, on your plea of guilty under those circumstances then I adjudged you to be guilty of the charges contained in the two counts of this Rule 20 case number 9529.
BY MR. STRANGE:
  Our number, Your Honor, I believe would be 5133.
BY THE COURT:
  Number 5133 and I will defer sentence on that likewise until receipt of the presentence report and I will sentence you at the same time I sentence you on the other two indictments."

judgment of conviction as to that offense.

Affirmed.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.